GATY, McCUNE & GLASBY vs. BROWN, ET AL.

Under the act of 1843, concerning liens of mechanics in the city and county of St. Louis, a *sci. fa.* on such lien can only issue from the Circuit Court. The Court of Common Pleas has no such jurisdiction.

## ERROR to St. Louis Court of Common Pleas.

### Statement of the Case.

On the 31st August, 1846, a *scire facias* issued from the clerk's office of the St. Louis Court of Common Pleas on a mechanic's lien, setting forth that the plaintiffs Gaty, McCune and Glasby

had furnished materials for the building, edifice and improvements therein described, and done work and labor upon the same, and that on the 24th December, 1845, they filed in the office of the Clerk of the Circuit Court of St. Louis county, (wherein said building, edifice and improvements were situate,) and within six months after their demand had accrued, a just and true account of their said demand after all just credits given, which amount and demand accrued on account of said materials furnished by them for said building and edifice and improvements and used in and about and upon the same under contract with Josiah Brown, owner and proprietor of said building, edifice and improvements at the time of furnishing said materials, and for work and labor by them done in and upon said building, edifice and improvements under contract as aforesaid with said Brown, owner and proprietor, and which demand was verified by affidavit of one of said plaintiffs, Glasby, the amount whereof due after all just credits and set offs, was $161 75-100; that said materials were furnished and work done at the request of said Brown; that said plaintiffs at same time filed in said office of the Clerk of the Circuit Court, a correct description of the property to be charged with said lien. The *scire facias* then described the building, edifice and improvements and lot on which they were situate, being the description filed as a certain frame saw mill, situated in what is commonly called north St. Louis, being about 25 or 30 feet in hight and containing about 50 feet in front towards the east, by about 80 feet in depth towards the west, and runs from one to seven saws, and the lot on which the said saw mill is situated constitutes a part of block number 20, according to the plat of north St. Louis, and is bounded on the north by Warren street, on the east by the Mississippi river, on the south by lot No. 26 on said plat of north St. Louis, and on the west by lot No. 72 on said plat. The *scire facias* alleged that Brown was the owner of the said building and edifice and improvements, at the time said demand accrued and had since conveyed them to the said Isaac H. and Thomas L. Sturgeon, whose property and in whose possession they were at the date of said *scire facias*.

The writ was served on Brown and one of the Sturgeons; when all the defendants appeared by attorney and demurred generally. At the February term, 1847, on the argument of the demurrer, the defendants' attorney asked leave to withdraw the demurrer and file a motion to quash the writ, which leave was given and the motion made and sustained, and judgment given quashing the writ; after the demurrer was withdrawn and before the motion made to quash the writ was decided, the plaintiffs moved for judgment for want of plea, which was refused and an exception taken to the refusal; and an exception was also taken to the act of the court sustaining the motion quashing the writ. A motion was afterwards made to set aside the order quashing the writ and overruled, to which an exception was taken by the plaintiffs. One reason assigned, and which prevailed with the court below for quashing the writ, was that the court had no jurisdiction. There were sundry other reasons assigned, to-wit, that the *scire facias* was improvidently issued, and that it was issued on a record in the Circuit Court and not founded on any record in the Common Pleas, &c., all amounting substantially to the one first mentioned, to-wit, the want of jurisdiction in the Common Pleas.

The defendants' attorney "asked leave to withdraw the demurrer and file a motion to quash the writ," which was granted by the court, and under said leave said demurrer was withdrawn, and said motion to quash filed simultaneously.

SPALDING & TIFFANY, *for Plaintiffs in error, insist:*

1. That the Common Pleas did have jurisdiction of the cause of action in this case, and by law had the power to proceed by *scire facias* on the lien. Rev. Code of 1845, p. 315, sec. 2, gives to the Common Pleas concurrent original jurisdiction *in all civil actions* at law with the Circuit Court. Ibid, p. 316, sec. 8, that process and proceedings to be the same as in Circuit Conrt. Ibid, p. 315, sec. 3 & 4, provide for a change of venue from Common Pleas to Circuit Court, and from Circuit Court to Common Pleas; and there can be no change of venue from Circuit Court

*Gaty, McCune & Glasby* vs. *Brown, et al.*

for the reasons therein set forth, in any *civil suit* except to Common Pleas. Ibid, sec. 20, p. 317, the Judge of the Common Pleas shall have like powers in relation to suits in said court as Judge of Circuit Court.

2. This suit is a *civil action.* 1 Tomlins Law Dictionary, 28; 2 Inst., 61, 40, *civil actions are such* as tend only to the recovery of that which by reason of any contract, tort or wrong of another is due to us.

It is therefore embraced *within the provision* of the act giving jurisdiction to the Common Pleas. It is within the *very words.*

3. The act on the subject of liens in force at the time this lien was filed and suit brought, were the act of February 24, 1843, and page 84 of the session acts of 1842–3, and the act in Rev. Code of 1845, page 733.

The act of 1843 repealed only such parts of the lien law of 1835, (Code of 1835, p. 108,) as conflicted with it. It therefore did not repeal the provisions of the act of 1835, respecting the manner of instituting actions. The act of 1845, has substantially the same provisions, which of course are substituted in the stead of those of the act of 1835, and are in force in St. Louis county.

4. There is nothing to prevent proceeding by *scire facias* in the Common Pleas. 2 Tidd., 982; 6 Bac. Ab., 102–3–4, as to nature of *scire facias;* as at common law, that it issued only on *records.*

5. By statutory provisions, *scire facias* is used for'other purposes than according to its original use, and on other basis than a *record.* In Indiana, 1 Black., 118, 137; 329. In Illinois, Breese, 122; Illinois Rev. Code of 1833, p. 376, sec. 18. Thus, *scire facias* is used to foreclose mortgages, &c.

6. It is thus directed by statute to be used here, as the lien or account filed with the clerk is no *record.* The clerk of that court is made the depository of it as a matter of convenience; and the lien act provides that a suit may be brought on it, in certain cases by *scire facias.* In this instance as in the States of Indiana, Illinois, &c., in the case of mortgages, the *scire facias* is the statutory mode of suing, that is, the action is commenced by a writ so styled; but such writ does not issue on a judicial or any other record. The lien as filed is no more a *judicial record* than the recorder's books were, while the clerk of the Circuit Court was recorder. The assembly considered the writ of *scire facias* a convenient one in form to be used for this purpose. It commands the sheriff substantially to cause the defendant to be notified, &c. It is perfectly competent for the legislature to use this writ in all cases where notice is to be given. There is ro rule of common law so unbending that this writ cannot be used in any case to which the legislature apply it, and there is no difficulty in so using it. The cases of judgments on liens, (composing a part of the record in Page vs. Hill, just argued,) were tried in St. Charles on liens filed in St. Louis county. What difficulty was there in trying and rendering the judgment in it? A certified copy of the lien had to be produced there; and so it would have to be in the Common Pleas; or as the clerks' offices and and courts are all in the same building, *the original lien book could be produced and the files of the lien in whichever court the suit is in;* and this *is the actual practice there.* The clerk of the Circuit Court or deputy attends with the books and papers in the Common Pleas whenever notified.

Now, when the words of the statute gave jurisdiction to the Common Pleas, it meant what it expressed, and no exception is to be made unless when such jurisdiction would be so absurd or inconvenient, that it could not be supposed to be within the intention of the legislature.

Rannells, *for Defendants in error, insists:*

1. That the *scire facias* was properly quashed by the court. The Court of Common Pleas had no jurisdiction. Statute of '43, sec. 8, page 84, requires actions under the act to be brought in Circuit Court. Record of lien is in the Circuit Court, and therefore the *scire facias* thereon must issue from that court. Tidds Practice; Davis vs. Pachard, 6 Wend., 331, and cases there cited.

Dunlap's Practice, 1081, 1083, and cases there referred to. 23 Pick., 110; 1 Aiken, 332; 2 Penn., 529; 3 Mo., 577, one justice of the peace can't issue *scire facias* on the judgment of another. 2 A. K. Marsh., Madison vs. Commonwealth, Graham's Prac., 809, 819; 3 J. J. Marsh., 564, Thompson vs. Daugherty, *scire facias* amendable by original record. 8 Mo. R., Cornelius vs. Grant, "account filed in the lien stands for a declaration." So that the declaration and writ are in different courts. Rev. Code '45, sec. 7, court gives judgment for a sum proportional to liens, to be ascertained by the court on inspection.

2. For defects on the face of *scire facias*. Law of '43, requires suit to be brought within 90 days after filing the lien—this not done. Law of '45—lien must be filed in 6 months after "*work done or materials furnished;*" the *scire facias* says, "*six months after demand accrued;*" the demand might not accrue for twelve months; credit might be given. Law of '45, sec. 1, gives a lien for work, &c., on buildings thereafter erected in whole or in part—*scire facias* does not show that this was the case.

Scott, J., *delivered the opinion of the Court.*

The principal question in this case is, whether a *scire facias* can issue from the Court of Common Pleas to enforce a mechanic's lien. If this question defended upon the general law relative to the liens of mechanics, there would scarcely be a doubt of the jurisdiction of that court, as by the law of its organization it has concurrent original jurisdiction in all civil actions at law with the Circuit Court, and as the lien by the general law may be enforced by a suit in the ordinary form. But an act concerning the Revised Statutes, Rev. Code, 699, sec. 22, provides, "that all acts and parts of acts specially applicable to the city or county of St. Louis, and in force at the commencement of the present session of the General Assembly, and not repealed or modified by some act of the present session specially applicable to said county or city, shall be, and the same are hereby continued in force." The effect of this section is to preserve in force the statute concerning mechanics' liens in the city and county of St. Louis, enacted in 1843, sess. acts, p. 83. By this act the lien is required to be filed in the office of the clerk of the Circuit Court, and it is expressly enacted, that in all cases where the amount shall exceed $90, the action shall be brought in the Circuit Court of St. Louis county. The argument is, that the court of Common Pleas, having concurrent jurisdiction with the Circuit Court in all civil actions, and a *scire facias* being a civil action, therefore the jurisdiction exists in the Court of Common Pleas. The act of 1843, relative to liens in St. Louis, is silent as to the mode of procedure to enforce a lien, but leaves that matter to be regulated by the general law. By the general law a lien holder may sue in the ordinary way or he may issue a *scire facias*. The question does not arise whether if the suit had been brought in ordinary way the

Common Pleas would have had jurisdiction. The plaintiff had an option of remedies, and as he has chosen one, that should have been pursued in conformity to the principles of law. There is a great incongruity in permitting a *scire facias* grounded on a paper filed in one court, to issue out of another court, when the court in which the paper is filed has express authority to issue the writ, and to hear and determine the controversy. It may be that the account filed is not strictly a record, but whether it be or not, it is the foundation of the action and it stands in the place of one. For the purposes of the suit, it has all the properties of a record. There is no authority to issue the writ on a copy of the lien.— There is no necessity nor reason for it, as the clerk entrusted with the original, is expressly empowered to do it  Why increase the costs of the litigation by unnecessarily carrying an original from one court to another. If the legislature had intended that the clerk of the court of Common Pleas should issue the writ, it would certainly have privided some means of giving him information of the contents of the lien. The law on the subject of evidence provides for some cases of the kind, but this is not among them, for the obvious reason that there was no propriety in or necessity for it. If the transcript of a justice's judgment is filed in the Circuit Court, could a *scire facias* issue from the Common Pleas to revive the judgment, or could a judgment of the Circuit Court be revived in the Common Pleas ? It is no answer, to say, that these are records. The reason is that these records being the foundation of the action, the suit must be commenced in the court in which they are found. So in the case of the lien, that being the foundation of the action, the suit must be begun in the court in which it is deposited. The very same reason which makes the *sci. fa.* on a judgment a local action, makes the *sci. fa.* on a lien local. *Ubi eadem ratio, ibi eadem lex.*

The judgment will be affirmed, the other Judges concurring.