Ashburn v. Ayres.

I. The testimony makes out no case against defendant. (26 Mo. 355; 13 Mo. 308; 24 Mo. 97.)

———◦●◦———

ASHBURN, Respondent, v. AYRES *et al.*, Appellants.

1. The Kansas court of common pleas has no jurisdiction of actions to enforce mechanics' liens.
2. Where a material man institutes proceedings to enforce a lien against the contractor and the owner of the building, and dismisses the same as to the original debtor, the contractor, the proceeding must also be dismissed as to the owner of the building, there being no party on the record to defend the suit.

*Appeal from Kansas Court of Common Pleas.*

*Ewing*, for appellant.

I. The circuit court has exclusive jurisdiction of actions to enforce mechanics' liens. (R. C. 1855, p. 1065; Gaty v. Brown, 11 Mo. 140.) But if the Kansas common pleas has jurisdiction of the subject matter, it does not so appear from any thing averred in the petition. Its jurisdiction is limited to the township of Kaw; (Sess. Acts, 1855, p. 60, § 1 & 19;) and it is not shown by averment that the building is within

the township. Nothing is to be presumed in favor of the jurisdiction of that court.

II. Plaintiff having dismissed the suit as to Ayres, there was no party to the record who could defend the suit. The contractor is the only person who can contest the validity of the demand, and there could be no judgment against Bryant, the proprietor of the building. (Wibbing v. Powers, 25 Mo. 600.)

SCOTT, Judge, delivered the opinion of the court.

The important question in this case is whether the court had jurisdiction to enforce a mechanic's lien. The eleventh section of the act concerning mechanics' liens provides that any person having a lien under or by virtue of this act may bring suit to enforce the same in the circuit court of the county wherein the property on which the lien is attached is situated, without regard to its amount. In the case of Gaty, McCune & Glasby v. Brown, 11 Mo. 138, the terms of the statute conferring jurisdiction on the court of common pleas of St. Louis county were as broad as those employed in defining the jurisdiction of the Kansas court of common pleas, and it was held that the circuit court alone had jurisdiction to enforce the liens of mechanics, as the lien, the foundation of the action, was filed in the circuit court and there was no provision by which it could be transferred to another court. The liens under the act have priority in the order of filing them in the clerk's office of the circuit court. Where there are many liens on the same building, it would produce great confusion if different courts could enforce their judgments by executions against it. The court in which the liens were not required to be filed could know nothing of them. The sales would be made at places remote from the record of liens, and purchasers might be misled or the property sacrificed by reason of the uncertainty of their existence. The present lien law, unlike those that formely prevailed, is silent as to the manner in which executions against property

subject to lien shall be issued. Under such circumstances, it would seem all-important that the sales should take place in a situation convenient to the records. The circumstance that a lien, the amount of which is within the jurisdiction of a justice of the peace, is authorized to be enforced in the circuit court, carries with it a strong intimation of an intention that all suits to enforce liens should be in the same court. Under the former laws, debts secured by a lien not exceeding the jurisdiction of a justice might be sued for in a justice's court, and after judgment, if necessary, the lien might have been enforced by *scire facias* in the circuit court. There is no such provision now. The act organizing the Kansas court of common pleas, in expressly conferring on that court jurisdiction in actions against boats and vessels, may have intended to exclude jurisdiction in other cases of lien. Upon the whole, as it is not clear that the law intended to confer jurisdiction on the court of common pleas, and as it is a matter of construction, we deem it best to give the statute an interpretation that will be productive of the least inconvenience.

The judgment in the case must necessarily be reversed for the error in permitting the plaintiff to dismiss his suit as to the defendant Ayres. This precise point was determined in the case of Wibbing v. Powers, 25 Mo. 599. Ayres was the real debtor. He made the contract for the materials furnished and was the only person who could defend the plaintiff's suit. It having been dismissed as to him, there was no one to contest the validity of the plaintiff's demand; so the result, in effect, is as though Bryant's property had been condemned to satisfy a lien, the existence of which was never established.

There is another point of view in which this question may be considered. The defendant Bryant is not even a resident of Jackson county, in which Kaw township is situated. The Kansas court of common pleas is one of local jurisdiction. Persons residing out of the limits of Kaw township can not be sued in that court unless joined with one who is a resident. Will, then, the law permit a plaintiff to join a resident

of the township as a defendant merely for the purpose of bringing in one who is not subject to the jurisdiction of the court, and, so soon as he is brought in, suffer the suit to be discontinued as to the resident defendant, thus voluntarily taking away all foundation for the jurisdiction of the court? In justices' courts, if the plaintiff fail to obtain judgment against that defendant who resides in the township in which the suit is commenced, he will be nonsuited as to the other defendants who are nonresidents. (R. C. 1855, p. 932, § 18.) The great facility for joining parties now tolerated by law makes this a matter of some importance.

Judgment reversed; Judge Richardson concurs. Judge Napton absent.