FRANCIS FITZGERALD, Appellant, *v.* BRANNOCK JONES *et al.*, Respondents.

*Jurisdiction—Mechanics' Liens.*—The St. Louis Circuit Court and Court of Common Pleas have concurrent jurisdiction with the St. Louis Land Court in suits to enforce mechanics' liens. (Acts 1858–9, p. 457.)

*Appeal from St. Louis Circuit Court.*

*D. T. Jewett,* for appellant.

I. The act to establish the Land Court of St. Louis county was passed December 12, 1855, and by the second section of that act to the Land Court was given "exclusive original jurisdiction in actions brought in St. Louis county for recovering the possession of any real estate therein ; for enforcing any right, claim, demand or lien to or upon the same," &c.

By the 15th section of the same act "liens of mechanics, builders, &c., &c., in said county are required to be filed in the office of the clerk of the Land Court."

The special mechanics' lien law was passed, Feb. 14, 1859, applicable to St. Louis county only, the 6th section of which provides that "the St. Louis Land Court and the Law Commissioner's Court of said county shall have concurrent jurisdiction to hear and determine all suits and actions under this act when the amount claimed shall not exceed one hundred and fifty dollars."

The mechanics' lien law of Dec. 11th, 1855, sec. 28, also confers upon the Land Court of St. Louis county the same duties and rights that in other counties are conferred upon the Circuit Court.

The general lien law of 1855, and the special one of 1857, both provide that the pleading, practice, process, and other proceedings in cases arising under these, shall be the same as in ordinary civil actions and civil proceedings, except as therein otherwise provided, and that the petition shall allege the facts necessary to secure a lien under these acts.

The true meaning of the 4th section of the act of February 18th, 1859, is intended to be a plain and palpable repeal, of the exclusive jurisdiction of the Land Court over all matters save one.

*Garesché* and *Bakewell,* for respondents.

I. The Land Court has exclusive jurisdiction in all cases wherein the amount claimed exceeds one hundred and fifty dollars. (§ 6 of St. Louis county mechanics' lien law, Sess. Acts, 1856–7, p. 669.)

The 4th section of an act to change the times of holding the Circuit and Common Pleas Courts of St. Louis county, approved 18th February, 1859, (Sess. Acts, 1859, p. 457,) does not affect this speciality of the jurisdiction of the Land Court. (Gaty et al. v. Brown et al. 11 Mo. 141; Hammond et al. v. Barnum, 13 Mo. 329; Ashburn v. Ayres, 28 Mo. 76.)

For motion in arrest for want of jurisdiction, see Washington v. Dufresne, 12 Mo. 572.

The question presented is this: Does the act, approved February 18, 1859, repeal section 6 of mechanics' lien act of St. Louis county, approved February 14, 1857, and confer jurisdiction in lien cases upon the Circuit Court? Clearly not, upon the following principles or rules governing the construction of statutes: "Where the intention of the Legislature is not apparent to that purpose, the general words of another and later statute will not repeal the particular provisions of a former one." (Dwarris on Stat. 514; Williams v. Pritchard, 4 T. Rep. 24.)

An affirmative statute is a repeal of a precedent affirmative statute only when it is clearly and indisputably contradictory to the former act in the very matter, and the repug-

nancy such that the two acts cannot be reconciled. The courts lean strongly against repealing positive provisions of a former statute by construction : there is no repeal by implication. (Regina v. Inhabitants of St. Edmunds, 2 Q. B. 84 ; 2 Ald. & Ellis, N. S.) A general statute does not abrogate a former particular one. There should be some notice taken of former act, so as to show an intention to repeal it.

Though two statutes are seemingly repugnant, yet if there be no *non obstante* clause in the latter, they shall be so construed that the first shall not be repealed by construction. (15 East. 377.)

DRYDEN, Judge, delivered the opinion of the court.

This was a suit brought in the St. Louis Circuit Court for the enforcement of a mechanic's lien. Judgment having been rendered for the plaintiff, on the motion of the defendants, the judgment was arrested and the cause was dismissed; whereupon the plaintiff appealed.

The single question presented by the record is, whether the Circuit Court had jurisdiction of the subject of the action— the plaintiff insisting that that court had concurrent jurisdiction, while, on the other hand, the defendants contend that the exclusive jurisdiction was in the Land Court. The question brings under consideration several acts of legislation local to St. Louis county.

1. The act creating the St. Louis Land Court, approved Dec. 12, 1855. (R. C. 1855, p. 1592.) This act, in express terms, conferred on the Land Court exclusive original jurisdiction in suits to enforce mechanics' liens, and provided that such liens should be filed with the clerk of that court instead of the clerk of the Circuit Court, as under the general lien law.

2. The mechanics' lien law, applicable to St. Louis county only, approved 14th February, 1857. This act modified the organic law of the Land Court in so far as to give to the Law Commissioner's Court concurrent jurisdiction with the former

court in mechanic lien cases, where the amount claimed did not exceed one hundred and fifty dollars.

3. The act of 18th February, 1859, entitled "An act to change the time of holding the Circuit and Common Pleas Courts of St. Louis county, *and to enlarge the jurisdiction thereof.*" The first three sections of the act concern the time of holding the Circuit and Common Pleas Courts and the return of process; and the fourth and last section provides that " the St. Louis Circuit and Common Pleas Courts shall have concurrent jurisdiction with the St. Louis Land Court *in all suits and actions*, except those for the direct recovery of the possession of real estate."

This last statute would seem to establish the authority of the Circuit Court to entertain the action beyond cavil; but, notwithstanding, the defendants still contend for the exclusive jurisdiction of the Land Court, and in support of their position avouch Gaty, McCune & Glasby v. Brown et al., 11 Mo. 138, and Ashburn v. Ayres, 28 Mo. 75.

The statutes on which these cases turned were both acts creating Courts of Common Pleas, one the St. Louis Common Pleas, the other the Kansas City Common Pleas, and each gave to the court it established concurrent jurisdiction with the Circuit Court in all civil actions within defined territorial limits, but in neither was jurisdiction in suits to enforce mechanics' liens specially named. And it was argued that, although these Common Pleas Courts were thus in general terms clothed with concurrent jurisdiction with the Circuit Court, yet, as the jurisdiction for the enforcement of mechanics' liens was by a special act specially conferred on the Circuit Court, it was not fair to presume that at the time of the passage of the organic acts this special subject of jurisdiction was in the mind of the Legislature, and, therefore, not embraced in the enactments. The court seems in each case to have been deterred from adopting the construction which would most naturally and easily have resulted from the language of the act it was considering, by reason of the inconvenience such construction would produce in requiring the

lien to be filed in one court, and the suit for its enforcement to be brought in another.

In cases of doubtful construction it may be very proper to consider the inconveniences which may result from a given construction as a help in ascertaining the intention of the Legislature; but where the meaning of the law-maker is clearly expressed, courts are warranted in no such indulgence.

We have seen that jurisdiction of mechanics' liens was not conferred in specific terms on the St. Louis Common Pleas and Kansas City Common Pleas by the acts by which they were organized. The opposite, however, is true of the act organizing the St. Louis Land Court, and, with this law before its eyes, it would be unjust to the Legislature to suppose it had not in mind, and did not intend by the act of 1859, to give the Circuit Court concurrent jurisdiction, as well in lien cases as in any other of the subjects of the exclusive jurisdiction of the Land Court, not expressly excepted in the act. And thus, by reason of this peculiarity of the organic law of the Land Court, we are enabled to pronounce in favor of the concurrent jurisdiction of the Circuit Court, without questioning the authority of Gaty v. Brown and Asburn v. Ayres. The Circuit Court erred in dismissing the action, and for this reason its judgment is reversed and the cause remanded. The other judges concur.