RUSSELL H. WESCOTT, Appellant, *v.* RICHARD F. BRIDWELL, ALFRED GRABLE, HENRY L. CLARK, ROBERT M. RENICK, FREDERICK SCHULENBERG, AND ADOLPHUS BRECKLER, Respondents.

1. *Mechanics' Liens—Practice—Set-off.*—In a suit to enforce a mechanic's lien by a subcontractor, the contractor is the principal debtor who is to defend the demand of the plaintiff, and may plead as against him a set-off or counter-claim.

2. *Practice— Supreme Court—Judgment.*—The Supreme Court may affirm a judgment as to some of the parties, and reverse it as to others.

*Appeal from St. Louis Land Court.*

*P. C. Morehead,* for appellant.

*E. C. Kehr,* for respondent.

FAGG, Judge, delivered the opinion of the court.

This was a proceeding instituted in the Land Court for St. Louis county in accordance with the provisions of an act entitled "An act for the better security of mechanics and others erecting buildings, or furnishing materials for the same, in the county of St. Louis."

No declarations of law were asked, and no objections made at the trial to the introduction of testimony.

We think there was no sufficient reason for the granting of a new trial, and the only question that need be discussed at all is the alleged irregularity of the judgment.

Wescott, the plaintiff below, claimed to be a subcontractor under the defendants Bridwell & Grable for work and labor done and materials furnished in and about the erection of a house the property of the other defendant, Clark. Judgment by default was taken against the defendants Grable and Clark for failure to answer, but was not further prosecuted as to either.

The other defendant, Bridwell, filed his answer denying the truth of the account sued upon, and setting up an offset, to which plaintiff replied.

Upon the issue thus presented the parties went to trial, which resulted in a verdict for the defendants for $397, and judgment was entered accordingly.

The argument of counsel for the appellant is based upon the idea that the owner of the property to which the lien attached was in reality the debtor, and the contractors (at whose instance and request the work was done and the materials furnished) were merely his agents. It is insisted, therefore, that a demand due to the contractors, or either of

them, was not properly the subject of a set-off against the plaintiff's claims.

The former adjudications of this court upon that point seem to be overlooked, as no reference was made to the cases in which it arose. In Wibling v. Powers, 25 Mo. 599, the cause had been dismissed as to the contractor, treating him as a mere nominal party to the record, and judgment taken against the owner of the property alone. The court unhesitatingly held this to be erroneous. Judge Scott, in delivering the opinion of the court, says, "The contractor is the only person who can contest the validity of the demand; and as the proceeding was dismissed as to him, there was no person to defend the claim of the plaintiff. This case is as if a creditor, proceeding by attachment and garnishment, should dismiss his suit against the defendant (the debtor), and afterwards take steps against the garnishee, when there could be no judgment which he could be condemned to satisfy."

The same point arose in the case of Ashburn v. Ayres, 28 Mo. 75. The decision in the former case was cited as a correct settlement of the question and the contractor held to be the real debtor, whilst the position of the owner of the building was in some respects analagous to that of a garnishee in a suit by attachment.

The irregularity of the judgment is not a sufficient ground for its reversal. This court has the power, upon the record before it, to make the judgment conform to the issues tried in the cause; and it will therefore be affirmed as to the matters in issue upon the answer and reply, and reversed and the cause dismissed as to the other defendants.

Judgment will therefore be entered for Richard F. Bridwell for the sum of three hundred and ninety-seven dollars, and for his costs. The other judges concur.