Uthoff v. Gerhard.

FRED. UTHOFF *et al.*, Respondents, v. CHARLES GERHARD *et al.;* JOSEPH M. GHIO, Appellant.

St. Louis Court of Appeals, November 11, 1890.

1. **Mechanics' Lien:** WILFUL OMISSIONS OF PROPER CREDITS IN ACCOUNT. If a subcontractor, when filing his lien in the circuit clerk's office, fails to give credit in his account for payments received by him from the contractor under whom he claims, and does so, not through inadvertence or mistake, but knowingly and intentionally, the lien filed is invalid, regardless of the subcontractor's reason for his action.

2. ———— : ————. Payments made by the original contractor, and offsets in his favor, not originally applicable to the account for which the lien is filed, may become so by reason of an adjustment of mutual accounts between the contractor and subcontractor, and thereon the wilful omission by the subcontractor to credit the same on the account filed as a lien will vitiate such lien.

3. ———— : INDEPENDENT OFFSETS IN FAVOR OF THE ORIGINAL CONTRACTOR. *Held, arguendo,* that in an action on a mechanic's lien, the original contractor may plead counterclaims which did not arise out of the contract sued upon, and that, if he does so, the

Uthoff v. Gerhard.

owner will obtain the benefit of a consequent reduction of the plaintiff's claim, since the judgment against the property subjected to a lien cannot exceed that against the original contractor; but the owner cannot himself assert such independent counterclaims, whether in favor of the subcontractor or himself, in order to secure such reduction.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

REVERSED AND REMANDED (*with directions*).

*Rassieur & Schnurmacher* and *Rudolph Schulenberg*, for appellant.

*H. M. Wilcox*, for respondents.

THOMPSON, J.—This is an action by a firm of subcontractors to recover from the principal contractors a balance due the plaintiffs for work and labor done and materials furnished, and also against the owner of the building, on which the work was done and to which the materials were furnished, to enforce a mechanic's lien thereon. The plaintiffs had a judgment against the principal contractors in the sum of $1,812.95, and also a judgment establishing the same as a mechanic's lien against the house and lot of the other defendant, the owner thereof. The last-named defendant prosecutes this appeal, and questions the propriety of so much of the judgment as establishes the lien against his property.

It appeared without dispute that the plaintiffs knowingly included in their account $152.10 more than was due to them at all from their principal contractors. We do not intend to go into the reasons given by the plaintiffs for doing this, nor do we intend to intimate that they intended to cheat anybody. It is sufficient for us to see from the undisputed evidence that they included in the account filed as the basis of their claim of lien this large amount, not as the result of

inadvertence or mistake, but knowing that it was not due them from the principal contractors. The law does not allow this to be done.

The statute requires the lien claimant to file "a just and true account, after all just credits have been given." R. S. 1889, sec. 6743. The special statute of 1857, relating to mechanic's liens in St. Louis county, contained the same provision; and, under that statute, it was held that such an account, in which the lien claimant neglected to give credit for one hundred and sixty dollars, which had been paid thereon, was not the "just and true account" required by the statute, and that the filing of such account gave no lien. *Hoffman v. Walton*, 36 Mo. 613. That decision was followed and applied in *Kling v. Railway Construction Co.*, 7 Mo. App. 410, where the lien was filed for about three times the amount actually due. It is true that this last case was, upon its face, a much more flagrant one than the case in 36 Mo., or the case at bar; but the principle is the same. The principle is that, whatever indulgence may be made in favor of honest mistakes, especially as to matters where there may be room for doubt or difference of opinion,—especially under Revised Statutes, 1889, section 6749, which directs the court to render a judgment "in any sum not exceeding the amount claimed in the demand filed with the lien, together with interest and costs, although the creditor may have *unintentionally* failed to enter the full amount of credits in his account filed, to which the defendant may be entitled,"—yet, where the lien claimant, who is a subcontractor, *intentionally* fails to enter the full amount of credits to which the principal contractor is entitled, he fails to file the "just and true account" required by the statute, and hence gets no lien.

The judgment will be reversed, and the cause remanded, with directions to modify the judgment by entering judgment in favor of the defendant Ghio. It is so ordered. All the judges concur.

Uthoff v. Gerhard.

ON MOTION FOR REHEARING.

Rombauer, P. J.—The motion for rehearing in this case is based on the sole proposition that the decision of the court is in conflict with section 6709 of the Revised Statutes of 1889, as to the meaning of the words, *just credits*. The cases of *McWilliams v. Allan*, 45 Mo. 573, and *Schulenburg v. Robison*, 5 Mo. App. 561, are cited in support of this proposition. As the liens in those cases were adjudged to be invalid, it is difficult to see how they can be controlling decisions for the purpose of establishing the validity of the lien in any case.

By *just credits*, as that term is used in the statute, when applied to the lien of a subcontractor, credits are meant, to which the contractor is entitled in his account with the subcontractor. The contractor is the party primarily liable and not the building. *Wibbing v. Powers*, 25 Mo. 599 ; *Ashburn v. Ayers*, 28 Mo. 75 ; *Wescott v. Bridwell*, 40 Mo. 146. The contractor is a necessary party, and the proceeding against him is *in personam* and not *in rem*. He may avail himself, although the suit be a lien suit, of all credits, offsets and counterclaims, which he has against the subcontractor, and, if he succeeds in establishing them, the owner will get the benefit, because the judgment against the property can never exceed the judgment against the contractor. Thus it was held in *Wescott v. Bridwell*, *supra*, that, although the action be upon a lien, the contractor defending can obtain an affirmative judgment on an independent set-off, if such set-off exceed the lien claim, and that, in such event, there can be no judgment of lien against the owner. The owner cannot avail himself personally of any offsets or counterclaims, which the contractor may have against the subcontractor, nor which the owner may have against the subcontractor, because no personal judgment is sought against the owner by the subcontractor. Phillips on

Mech. Liens, sec. 423. An offset and counterclaim, however, are essentially different from payment. Where the contractor has paid the subcontractor in whole or in part for the work and material, for which the subcontractor seeks to enforce a lien, the owner can always show this in reduction of the lien claim, where the omission of the credit is *unintentional*, and, for the purpose of defeating the lien, if the omission of the credit is *intentional*, and he may do so regardless of whether the contractor defends or not. The case at bar belongs to this latter class. The plaintiff subcontractors did work for the defendant contractor on a number of buildings, and were paid from time to time on general account, partly in money, and partly in offsets which the contractor had against them. The payments thus made, the plaintiffs had a right to apply to the other accounts, until those accounts were fully paid, but, after they were fully paid, the law applied them to this account, because there was nothing else to which to apply them. More than this, the parties met, went over all their accounts, and settled them, and, upon such settlement, ascertained and determined that the balance due from the defendant contractor to the plaintiffs *on all accounts, including the claim sued upon*, was less than the claim for which a lien was filed and is sought to be enforced in this proceeding, and the plaintiffs were warned that they must give credit for this excess, as it was necessarily *a credit on this account*. All this appeared by the plaintiffs' own evidence, —in fact the defendant owner introduced no evidence but rested there ; and, if this case does not present *a just credit intentionally omitted*, it is difficult to conceive a case that will.

The motion for rehearing is overruled. All the judges concur.