HYDRAULIC PRESS BRICK COMPANY, Respondent, v. EDWARD McTAGGART et al., Defendants; FREDERICK A. SMITH, Appellant.

St. Louis Court of Appeals, November 1, 1898.

1. **Mechanics' Lien**: NOTICE TO WHOM CLAIM IS DUE. A statement that the amount for which the claim is made, is lienable against the building, necessarily involves the statement that it is a subsisting debt against the buyer of the material.

2. ———. The assertion of a claim against two debtors is in law and reason an assertion that it is due from each of them.

3. ———: LIENOR: JUST AND TRUE ACCOUNT: REVISED STATUTES 1889, SECTION 6709. The lienor must file "a just and true account of the demand due him" and this is done, whenever it appears that the account filed has not been knowingly, intentionally or fraudulently falsified.

4. ———: ACCOUNT FILED: REBATE. An account filed is not rendered incorrect by the omission of a credit for a sum which would have been due under a rebate.

*Appeal from the St. Louis City Circuit Court.*—HON. SELDEN P. SPENCER, Judge.

AFFIRMED.

McKEIGHAN, BARCLAY & WATTS and W. CHRISTY
BRYAN for respondent.

With regard to.the first point relied on in appel-
lant's brief, appellant ought not to be heard now in
regard to the matters complained of therein, as it has
been repeatedly decided by this court and the supreme
court, that errors not complained of in the motion for
a new trial and not called to the trial court's attention,
will not be reviewed on appeal. R. S. 1879, sec. 3774;
R. S. 1889, sec. 2302; Ridenour v. K. C. Cable R'y
Co., 102 Mo. 270, loc. cit. 291; Lyon v. McMaster,
103 Mo. 612; Wilson v. Taylor, 119 Mo. 626; Danforth
v. Railroad, 123 Mo. 196; Ross v. Railroad, 141 Mo.
390-395; McManus v. Watkins, 55 Mo. App. 92;
Judy & Co.'s Surviving Partner v. Mfg. Co., 60 Mo.
App. 115-117. In regard to the second point relied on
in appellant's brief, this is. a question of fact, and
respondent respectfully calls the court's attention to
the trial court's remarks at the top of page 57 of the
transcript, and to the testimony of Mr. F. A. Smith
at bottom of page 22 of transcript, and page 23 of
transcript, fourth line from the bottom. (a) In
regard to the matters complained of in appellant's
third assignment of error, the objections to evidence
which appellant claimed should have been sustained
were, as a matter of fact, sustained by the court and
the evidence ordered stricken out on defendant's
motion. (b) "Evidence which is admissible for any
purpose can not be excluded by the court, but the
party against whom it is not competent is entitled to
an instruction asked by him, which properly limits
its effect. This rule is applied to evidence competent
against one only of several defendants." Carlisle v.
DeSoto, 63 Mo. App. 661. (c) "Evidence offered by
plaintiff was stricken from the record at the time on
motion of defendant, and it is held that if a more

specific exclusion was desired, an instruction to that effect should have been asked." Matthews v. Railway, 142 Mo. 645. In the case at bar, appellant asked no instruction in regard to said evidence. In regard to points fourth and fifth of appellant's brief, viz.: That the instruction offered by appellant both at the end of plaintiff's case and again at the conclusion of the whole case, should have been given; the rule is that where there is abundant proper evidence to justify the verdict, the testimony of an incompetent witness may be disregarded. Clark v. Cordry, 69 Mo. App. 6; Krider v. Milner, 99 Mo. 145; Gunn v. Lovell, 73 Mo. App. 503. "Where there is any evidence tending to establish the allegations of the petition or new matter in the answer, it is error to withdraw the case from the jury by peremptory instruction. Stewart v. Sparkman, 69 Mo. App. 456. Regarding point 6 in appellant's brief, while it is true that written contracts are to be construed by the courts, still "the practical construction given by the parties to a written contract is a potent factor in determining its meaning. St. Joseph Union Depot Co. v. Railroad, 131 Mo. 291; Sedalia Brewing Co. v. Sedalia Water Works Co., 34 Mo. App. 49; Bridge v. Transfer Co., 56 Mo. App. 133; Richardson v. Railroad, 62 Mo. App. 1. * * * In order to vitiate this account as being unjust and untrue, it must not only be shown that it is unjust and untrue, but that an unjust and untrue account was knowingly, deliberately and intentionally filed. Ittner v. Hughes, 133 Mo. 679; Uthoff v. Gehard, 42 Mo. App. 256.

FRANK A. C. MACMANUS and BENJAMIN SCHNUR-MACHER for appellant.

The notice of lien served on the owner on the twenty-first day of August, 1897, ten days before the

lien was filed in the circuit clerk's office, is fatally defective and insufficient. The same not being sufficiently specific, and failing to conform to the statute's requirements, was misleading. The notice fails to state from whom said claim was due. Bill of Exceptions, 13 and 14; R. S., sec. 6723; Webber v. Ebbing, 2 Mo. App. 16; Robinson v. Thomas, 55 Mo. 583–584; 29 Mo. App. 478; 23 Mo. App. 443; 46 Mo. 283; 9 Mo. App. 398. The plaintiff failed to show contractual relations between Smith (owner) and Smith, McKelvey & Company, the alleged original contractors. Bill of Exceptions; pages 20, 21, 22 and 23. Objections to evidence sought to be introduced by plaintiff on pages 37, 38, 39, 46 and 55 of the Bill of Exceptions, should have been sustained. Instruction offered by defendant owner at the end of plaintiff's case should have been given. Foster v. Wulfing, 20 Mo. App. 85–90. Instruction offered by defendant owner at the conclusion of the whole case should have been given. Uthoff v. Gerhard, 42 Mo. App. 256. Written contracts are to be construed by the courts. Breicheisen v. Coffey, 15 Mo. App. 80; 9 Mo. App. 520. The meaning and effect of a contract, in writing, can not be varied, controlled or affected by parol testimony of the intention of the parties. Johnston Co. v. Wood, 84 Mo. 489. Contracts made at the same time, and relating to the same transaction, should be read and construed together. Jennings v. Todd, 118 Mo. 296. Mechanics' lien being a mere creature of the statute, the statute must be complied with, and certainly as to the essential feature of filing a just and true account. Foster v. Wulfing, 20 Mo. App. 85–90; Louis v. Cutter, 6 Mo. 54. The lienor should file a just and true account and his failure to do so, where his action is deliberate and intentional, will defeat the lien altogether. Nelson v. Withrow, 14 Mo. App. 277; Schulenberg v. Robinson,

5 Mo. App. 561; Murphy v. Murphy, 22 Mo. App. 18; Guss v. Hussman, 22 Mo. App. 115; Rand v. Grubb, 26 Mo. App. 591; Kling v. Construction Co., 7 Mo. App. 410; Hoffman v. Walton, 36 Mo. 613. The claim must stand or fall as made; any other construction or rule would be against the letter and the spirit of the law. Allen v. Mining and Smelting Co. 73 Mo. 688; Heltzell v. Railroad, 20 Mo. App. 435; Henry v. Mahone, 23 Mo. App. 83; Johnson v. Building Co., 23 Mo. App. 545; Schroeder v. Mueller, 33 Mo. App. 28.

BOND, J.—Plaintiff established a mechanics' lien for $1,489.99 against the property of defendant Smith, and recovered a personal judgment for said sum against the subcontractors of the brick work performed on the building erected on said property. The owner duly appealed to this court.

The first error assigned is the alleged insufficiency of the proof of notice required to be given by a materialman in order to avail himself of the benefit of the mechanics' lien law. R. S. 1889, sec. 6723. It is claimed that the notice of the lien laws claimed is defective in failing to recite in so many words "from whom the same is due." The fact that the notice in question was received in evidence without objection, does not give it any probative force which it would not have possessed if it has been received against objection.

Hence, if it labors under an intrinsic infirmity as to the statutory requirements of such notices, appellant is still in a position to insist that the record shows an essential omission in the steps necessary to fix a lien upon his property. An examination of the language of the notice of claim shows that it *specifies* the amount asserted to be due plaintiff; alleges that it was the price of certain bricks furnished the contractors and

subcontractors, giving their names, which were used in the construction of appellant's building; that said amount is a valid claim against the building, and a lien therefor will be enforced by suit. These statements necessarily imply that the amount claimed by plaintiff is due it from the subcontractors. No other conclusion can be reached without doing violence to the natural meaning of the terms employed. In the first place the statement that the amount for which the claim is made is lienable against the building, necessarily involves the statement that it is a subsisting debt against the buyer of the material. In the next place, the notice alleges that the material was furnished to both the contractors and the subcontractors. Of course, this assertion of a claim against two debtors is likewise in law and reason an assertion that it is due from each of them. In other words, that it is due from the subcontractors, as well as from the contractors. According to the facts in this case the subcontractors were personally indebted to plaintiff, and a recital of that fact in the notice was all required to be done by the statute. It having been shown that the notice sufficiently stated the correct debtor of the plaintiff, it certainly was not vitiated because it also claimed that some one else was liable for the debt. Bambrick v. The Webster Groves Pres. Ch. Ass'n, 53 Mo. App. loc. cit. 240. The conclusion must be that the notice in this case substantially complied with the terms and object of the statute, which was designed to warn the owner of the existence of a claim against his property by reason of the failure of the parties primarily liable to pay the same. The point under review is therefore ruled against appellant.

The second assignment of error is that plaintiff failed to show a contractional relation between the owner and the original contractors who sublet the

brick work to the party with whom plaintiff dealt. This point need not be discussed, since the record shows that the owner admitted the making of the contract with the general contractors.

The third assignment of error is that plaintiff did not file a just and true account, in that it failed to give credit for $34.90, which it is claimed should have been allowed. In proceedings like the present it is incumbent on the lienor to file "a just and true account of the demand due him." This is the clear mandate of the statute, and unless obeyed no lien can be adjusted. R. S. 1889, sec. 6709. It was not, however, the object of the statute to create a Procrustean rule of literal exactitude in the filing of lien accounts. If such were its purpose a claim, otherwise valid and enforcible under the mechanics' lien law, would suffer defeat from errors of computation, inadvertence or mistake, or a mere preparation of the account, irrespective of the good faith of the lienor. Such an absurd consequence is not in the purview of the statute, which is highly remedial and favored by the law.

ACCOUNT.

The true purpose of the statute is to exact a substantial compliance with its requirements, and this is had, whenever it appears that the account filed has not been knowingly, intentionally or fraudulently falsified. If it is honestly stated, errors arising from mere mistake will not prevent the obtension of a lien for what is justly due. Ittner v. Hughes, 133 Mo. 679; Uthoff v. Gerhard, 42 Mo. App. 256. In the case at bar the correctness of the items of charge in the lien account is supported by the sale slip given to plaintiff's salesman by the subcontractors at the time they purchased the material. Their only objection to the lien account is that it does not credit to them $34.90 under

a memorandum delivered to them by plaintiff's salesman to the effect that a "rebate" of $1 and $2 per thousand would be given on the brick sold.   As there is not a particle of evidence in the record that plaintiff's managing officers had any knowledge or information of this proposed abatement, other than the constructive notice which is* legally imputable from the knowledge possessed by their salesman, it is difficult to see how it could be said that they *intentionally* omitted a credit on the account, even if the memorandum as to the "rebate" afforded the subcontractors an absolute right of deduction from the agreed price.   But we do not concede that the term "rebate" afforded any such right.   The significance of the word does not warrant such a conclusion.   A debtor is not entitled to a promised rebate until he has paid or tendered the price of the thing sold.   This is the true import of the term "rebate" arising both from the

REBATE defined.

sense given to it in the ordinary use, and in the definitions of the lexicographers.   See Bouvier Law Dictionary; Worcester; Century.   We therefore hold that the account filed by plaintiff was not rendered incorrect by the omission of a credit for the sum which would have been due under the rebate agreement if the subcontractors had paid or proffered the agreed price of the material.

It is insisted that there is some error in the admission of oral testimony tending to show that the rebate was only to be allowed in consideration of prompt payment.   As this evidence was withdrawn and could not have effected the result since the judgment allowed full credit for the amount of the rebate, it is unnecessary to pass on its admissibility.

Finding no error in the judgment of which appellant can complain, it will be affirmed.   All concur.