BRETZFELDER, BRONNER & COMPANY, Appellant, v. WADDLE, Respondent.

St. Louis Court of Appeals, February 5, 1907.

1. **FRAUDULENT REPRESENTATIONS: Opinion.** A liquor dealer ordered a quantity of whiskey and before it reached him his license was revoked and he sold his fixtures to another who procured a license. The seller rebilled the merchandise to the successor of the purchaser upon the latter's request in a letter which stated that the successor could make use of the goods, and "If you want to you can bill the same to him and I believe he is all right. He is a nice young man and may make you a good customer." This representation was a mere statement of opinion, not of an existing fact and was not fraudulent so as to entitle the seller to recover the price of the whiskey from the original purchaser.

2. **PRACTICE: Finding of Fact.** A finding of fact by the trial court supported by substantial evidence will not be disturbed by the Court of Appeals.

Appeal from Greene Circuit Court.—*Hon. James T. Neville,* Judge.

AFFIRMED.

*Heffernan & Heffernan* for appellant.

Where one makes, as of his own knowledge, a false representation, not knowing whether it is true or false, it is a fraud as much as if he knew it to be false. Hamlin v. Abell, 120 Mo. 188; Buford v. Caldwell, 3 Mo. 477; Caldwell v. Henry, 76 Mo. 254; Welsh v. Morse, 80 Mo. 568; Dun v. White, 63 Mo. 181; Delaney v. Rogers, 64 Mo. 201; Kountz v. Kaufman, 31 Mo. App. 397; Glascock v. Miner, 11 Mo. 655; Cotrill v. Miller, 103 Mass. 503; Keitchfield v. Natchinson, 117 Mass. 195; Kirkpatrick v. Reeves, 121 Ind. 280.

*Val Mason* for respondent; *Wright Bros. & Blair* of counsel.

(1) Statements as to the future and opinions are not sufficient to support an action for fraudulent representation. Bullock v. Wooldridge, 42 Mo. App. 362; Morris v. McMahan, 75 Mo. App. 497; Harrison v. Walden, 89 Mo. App. 171; Wilson v. Jackson, 167 Mo. 156; Estes v. Shoe Co., 155 Mo. 589. (2) The burden is on plaintiffs, and even where a transaction consists as well with honesty as otherwise, it must be held honest. Bank v. Wothington, 145 Mo. 100.

BLAND, P. J.—In the year 1903, defendant, who is the wife of B. L. Waddle, owned a dramshop in the city of Springfield, Missouri, which was conducted and managed by her husband as her agent, under a license granted to defendant. For a violation of the dramshop law, defendant's dramshop license was revoked in September, 1903, whereupon her husband, as her agent, sold, or pretended to sell, the dramshop to H. H. Zittle for a consideration of three thousand dollars. Zittle testified he paid one thousand dollars of the purchase price and secured the balance by a chattel mortgage on the fixtures and contents of the dramshop. A dramshop license was issued to Zittle, to pay for which B. L. Waddle loaned him the money. In May or June, 1903, B. L. Waddle, as agent of his wife, ordered two barrels of whiskey of plaintiffs, which they shipped from Louisville, Kentucky. This shipment was lost in transit (supposedly at East St. Louis in the flood of June, 1903). At the request of B. L. Waddle, the shipment was duplicated and arrived in Springfield and was delivered to the dramshop in the latter part of October, or early in November, 1903. On October 21, 1903, B. L. Waddle wrote plaintiffs as follows:

"Springfield, Mo., October 21, 1903.

"Bretzfelder & Bronner, Louisville, Ky.

"Yours of the 19th inst. to hand. In reply will say my license was revoked some time ago, but a Mr. H. H. Zittle got another license and the place is running all right. I will settle your account soon. Everything is O. K. and you will get every cent.

"Yours,

"A. WADDLE."

On the twenty-third of the same month, plaintiffs wrote defendant as follows:

"Louisville, Ky., Oct. 23, 1903.

"Mr. A. Waddle, Springfield, Mo.

"Dear Sir: We are in receipt of your favor of the 21st inst. and have fully noted same. We are very sorry to note that your license was revoked, but are pleased to see that you have made arrangements to continue in business. Please be kind enough to advise us when you receive the 2 bbls. of whiskey shipped you a long time ago, and which was delayed by the railroad company in reaching you.

"Trusting you are enjoying a good business, and awaiting the pleasure of your further commands, we are,                     "Yours truly,

"BRETZFELDER, BRONNER & CO."

Afterwards, the following correspondence was had between the parties:

"Springfield, Mo., Nov. 4, 1903.

"Bretzfelder & Bronner, Louisville, Ky.

"The 2 bbls. of whiskey you shipped me last June is now in depot here, but I am out of business and cannot use it. My successor H. H. Zittle tells me he can use the goods; if you want to, you can bill the same to him and I believe he is all right. He is a nice young man and may make you a good customer.

"A. WADDLE."

"Louisville, Ky., Nov. 6, 1903.

"Mr. A. Waddle, Springfield, Mo.

"Dear Sir: We are in receipt of your favor of the 4th and note what you state about Mr. H. H. Zittle, and if you will turn the barrels over to this party we will send him invoice covering same. Thanking you for your attention in the matter, we are

"Yours truly,

"BRETZFELDER, BRONNER & CO."

"Springfield, Mo., Nov. 13, 1903.

"Bretzfelder & Bronner, Louisville, Ky.

"As for your request I had R. R. Co. to turn the two bbls. whiskey over to Mr. H. H. Zittle,

"Yours,

"A. WADDLE."

"Louisville, Ky., Nov. 16, 1903.

"Mr. A. Waddle, Springfield, Mo.

"Dear Sir: We are in receipt of your favor of the 13th inst., and thank you very much for your kindness in turning the 2 bbls. over to Mr. H. H. Zittle. We have already sent him invoice covering same. Thanking you for this and past favors, we are,

"Yours truly,

"BRETZFELDER, BRONNER & CO."

Plaintiffs billed, or rather re-billed, the whiskey to Zittle. The two barrels were alleged, and shown by the evidence, to be of the value of $131.73, and the purchase price became due, according to the terms of the sale, in sixty days from the date of shipment. The whiskey has never been paid for, and the action is to recover its value.

There are two counts in the petition. The first one is in assumpsit to recover the value of whiskey sold and delivered to defendant at her instance and request. The second count alleges, in substance, that by and through the false and fraudulent representations of de-

fendant, plaintiffs were induced to re-bill the goods to Zittle, and by false and fraudulent representations defendant induced plaintiffs to consent and direct the delivery of the whiskey to Zittle.

The answer was a general denial.

The issues were submitted to the court without the aid of a jury. The court made the following finding of facts and rendered judgment for defendant:

"I find that before and at the time the goods arrived the defendant had been released from the purchase thereof and her conduct thereafter did not make her liable to plaintiffs for the goods. The two barrels of whiskey sued for were delivered to the saloon on November or the latter part of October."

The case was tried on the theory that plaintiffs were induced, by the false and fraudulent representations of defendant, to release her and look to Zittle alone for payment for the whiskey. Plaintiffs rely upon proof of Zittle's insolvency at the time he purchased the saloon, and defendant's letter of November 4, 1903, to them, as furnishing evidence of defendant's false and fraudulent representations, whereby they were induced to release her and look to Zittle for payment. The evidence of Zittle's insolvency was shown by his own evidence. But the letter contains no representations whatever of his solvency, and expresses no opinion of his ability to pay for the whiskey. The most that can be said of the language used by defendant in the letter, to-wit: "My successor, H. H. Zittle, tells me he can use the goods; if you want to you can bill the same to him and I believe he is all right. He is a nice young man and may make you a good customer," is that defendant believed him to be a young man of correct habits and might make plaintiffs a good customer. There is nothing in the evidence to show that Zittle was not as represented in the letter, "a nice young man." But even if he had been shown to be a bad and unreliable young

man, what defendant said of Zittle was but the expression of her opinion of him at the time the letter was written. A representation, to form the ground of an action, when one has been induced to act to his prejudice by reason thereof, must be of a fact existing at the time. [Bullock v. Wooldridge, 42 Mo. App. 256; Morris v. McMahan, 75 Mo. App. 1. c. 497.] If the party complaining acts upon the mere expression of an opinion by the party complained of, as to an existing fact, he acts at his peril. There is some evidence tending to show the sale to Zittle was a sham; on the other hand there is evidence tending to show the sale was bona fide. A question of fact was thus presented, but little attention was given it by the declarations of law; however, the finding of the trial court, that Zittle bought the saloon and agreed to pay for the whiskey, is a finding against plaintiffs' contention, that the sale of the saloon to Zittle was bogus. So also is the finding against plaintiffs' contention, that Zittle did not take, or agree to pay for the whiskey. These findings are all supported by substantial evidence, and for this reason cannot be disturbed by us. It follows that the judgment should be affirmed and it is so ordered. All concur.