Bergesch v. Keevil.

---

BERGESCH, Plaintiff in Error, *vs.* KEEVIL, Defendant in Error.

| 19 | 127 |
| 33a | 595 |
| 19 | 127 |
| 40a | 126 |
| 19 | 127 |
| 107 | 538 |
| 19 | 127 |
| 149 | 491 |

1. A. conveyed personal property to B., in trust to secure the payment of a debt to C. Afterwards, A. conveyed the same property directly to C. *Held,* a suit against D. to recover possession of the property was properly brought in the name of B.
2. A petition filed for the recovery of personal property was not verified by affidavit. The plaintiff swore to the petition before a justice, but the justice failed to annex his certificate. *Held,* the plaintiff might be permitted to verify the petition *nunc pro tunc.*

*Appeal from St. Louis Court of Common Pleas.*

This was an action brought under the article of the new code entitled " claim and delivery of personal property," by Ber-

gesch against Keevil.   Annexed to the petition was the affidavit required by the statute, signed by the plaintiff, but without a *jurat*.   At the return term, the plaintiff filed an affidavit stating that he had sworn to the petition before a justice of the peace before it was filed, but that the justice had failed to append his certificate evidencing the fact.   He thereupon moved the court to allow the justice to append his certificate *nunc pro tunc*, or for leave to file a new affidavit.   This motion was overruled.   A motion to dismiss the suit was also overruled. A motion to rescind the order for the delivery of the property to the plaintiff, made by the clerk in vacation, was sustained and the suit proceeded.   The court sutained a demurrer to the plaintiff's petition, because the suit was not brought in the name of the proper party.   The plaintiff sued out a writ of error.

C. *Gibson*, for plaintiff in error.

C. *B. Lord*, for defendant in error.   The demurrer was properly sustained.   Bergesch had no interest in the subject matter of the suit.   The conveyance to him was for the purpose of securing Taylor's note to Koppelman, and is merged in the subsequent conveyance to Koppelman himself to secure the same note.   12 Vermont, 113.   1 Watts & Serg. 83. *Mills* v. *Comstock*, 5 J. C. R. 214.   *Lewis* v. *Starke*, 10 S. & Marsh. 120.   2. The court should have dismissed the suit, for want of the affidavit required by law.   Art. 7, sec. 2, Code of Practice.

SCOTT, Judge, delivered the opinion of the court.

John Taylor owned some personal property, and conveyed it by deed to the plaintiff in error and the plaintiff below, in trust to secure the payment of a debt due John H. Koppelman.   Afterwards, Taylor, by deed, conveyed the same property directly to Koppelman, and the defendant, Keevil, having taken possession of it, this action was brought by Bergesch to recover it ; and the question is, whether the suit was properly brought in his name.

1. Bergesch was the trustee of an express trust, and the deed to him from Taylor conveyed the legal title. Taylor's subsequent deed could not divest this title without the consent of Bergesch. That deed was inoperative, so far as it affected the property previously conveyed. Bergesch having the legal title, and being the trustee of an express trust, the suit was properly brought in his name.

2. The affidavit of Bergesch, showing that the petition was sworn to before it was filed, warranted the court in overruling the motion to dismiss the suit. The court, under the circumstances, might have permitted the petition to be verified *nunc pro tunc.*

The other judges concurring, the judgment will be reversed, and the cause remanded.