POWERS, Respondent, *vs.* NELSON, Appellant.

1. It is no objection to a recovery on a note, that it was endorsed to the plaintiff after it was due and without consideration, no defence being shown.

*Appeal from St. Louis Circuit Court.*

*M. L. Gray,* for appellant.
*A. P. & P. B. Garesché,* for respondent.

GAMBLE, Judge, delivered the opinion of the court.

The note upon which this action is founded, is dated 9th of February, 1842, made by Nelson, payable to one Richard Dempsey, and endorsed to the plaintiff. The defendant, by his answer, admitted the making of the note, denied that the endorsement was for a valuable consideration, and alleges that it was made long after the note became due. The answer also alleges that the defendant made a settlement with Dempsey in

February, 1845, in which this note was included and satisfied. Upon the trial, the plaintiff, having proved the handwriting of the endorser, and filled up the endorsement, gave the note in evidence. The defendant gave no evidence for the purpose of showing that the note had been paid to Dempsey. The plaintiff himself testified that he had purchased the note from Dempsey, or rather that he had taken it on account of indebtedness from Dempsey. During the trial, the defendant asked leave to amend his answer, by stating a set-off against Dempsey, which accrued while he was the holder of the note, which the court refused to allow.

1. The instructions asked by the defendant, after the evidence was closed, were all properly refused. There was no evidence given to prove that the note had been satisfied while it was held by Dempsey. The case, at the close of the evidence, stood as a case of a negotiable promissory note, endorsed after it was due, the endorsement being in blank at the trial, and then filled up to the plaintiff; some evidence being given that a petition had been drawn upon the note in the name of David Powers, a brother of the plaintiff, the witness who gave the testimony saying, at the time of testifying, that he supposed the name of David Powers was used as plaintiff by mistake. There was then no defence against the note, whether Dempsey had endorsed the note before or after its maturity, or for a good consideration or no consideration whatever, and the court gave proper instructions on the case.

The court properly refused leave to amend the answer. If the defence sought to be introduced would have availed the defendant, he had, after his first answer, in which he swore that the note was endorsed after it was due, twice obtained leave to file a supplemental answer, and had not availed himself of the leave given. The judgment is, with the concurrence of the other judges, affirmed.