HARGADINE v. VAN HORN, *Appellant.*

**Attachment**: SHERIFF'S DEED. If the affidavit for an attachment is not signed by the affiant, the court acquires no jurisdiction, and a sheriff's deed based upon a judgment in the case is a nullity.

SHERWOOD, C. J., and NORTON, J., dissent.

*Appeal from Knox Circuit Court.*—HON. JNO. C. ANDERSON, Judge.

REVERSED.

*W. W. Cover* for appellant.

*W. C. Hollister* for respondent.

NAPTON, J.—This was an action of ejectment. The plaintiff bought under a sale on an attachment, and the only question upon which our opinion is required is, whether an attachment issued without any affidavit is a nullity, or is merely an error, not affecting a purchaser in a collateral proceeding. This question was discussed and decided in the case of *Bray v. McClury,* 55 Mo. 128. That case was decided by a divided court, the majority of the judges holding that an affidavit in conformity to the law was essential to give the court jurisdiction. In that case there was an affidavit, but it was defective in not stating that there was any debt due from the defendant. In the present case there was no affidavit at all, that is, the paper described and referred to by the clerk as the one upon which the writ of attachment issued, was not signed by any one, and was, therefore, no affidavit. We are unable to see how any presumption can be entertained against the record that there was some other affidavit than the paper purporting to be one in the record, and as we concur in the opinion then rendered by Judge Adams, the objection is a fatal one to plaintiff's title, without considering the other points in the case. Judgment is, therefore, reversed.

Judges HOUGH and HENRY concur. SHERWOOD, C. J., and NORTON, J., dissent.

SHERWOOD, C. J., DISSENTING.—I will briefly give the reasons which prevent me from concurring with the majority of my associates in the foregoing opinion. An affidavit is said to be "An oath  *  *  reduced to writing, sworn  *  *  to before some officer who has authority to administer it." 1 Bouv. Law Dict., 79; 1 Tomlin's Law Dict., 52. And it is not necessary to its completeness that the party making should sign it, unless the statute expressly require such signature. Drake on Attach., § 91 ; *Redus v. Wofford*, 4 Sm. & Mar. 579 ; *Bates v. Robinson*, 8 Ia. 318 ; *Hitsman v. Garrard*, 16 N. J. L. 124. It is the official certificate which gives authenticity to the written oath, and not the signature of the affiant. I prove this by instancing an affidavit signed by the affiant, but not certified as above indicated. The statute under which the attachment proceedings were had, nowhere requires that the signature of the affiant should appear to the affidavit. 1 R. S. 1855, p. 239, § 3. Tested by the foregoing considerations, the alleged affidavit seems to have possessed more of the characteristics of an affidavit than my associates have been pleased to accord to it.

Let us try another definition, and thus bring another test to bear on the question of the validity of the proceedings before us: "An affidavit is an oath in writing, signed by the party deposing, sworn before, and attested by him who hath authority to administer the same." 1 Bac. Ab., 146. Accepting this more full definition, we have as the component parts of an affidavit: First, the written oath ; Second, the signature of the deponent ; Third, the attestation of the administering of the oath by the officer who did administer it. According to the definition just quoted, if either of the elements above noted be lacking, the affidavit is not complete—is defective ; but clearly it is no more defective because one of its constituents is wanting

than another; no more defective if the signature of deponent is omitted than if the omission be of the attesting signature of the officer. But in the latter case, a case for the recovery of specific personal property—a case where an affidavit is just as necessary to put in motion the legal machinery, and thus confer jurisdiction, as it is in an attachment proceeding, it was held that where the justice of the peace failed to append his jurat to the affidavit, this should have been permitted in the circuit court *nunc pro tunc*. *Bergesch v. Keevil*, 19 Mo. 127. The court, in that case, evidently did not regard the written oath, as " no affidavit at all," but merely as a defective affidavit, one which was susceptible of amendment.

Mr. Justice Napton delivered the opinion of the court in *Henderson v. Drace*, 30 Mo. 358, in which it was held, referring to the attachment act then in force, (and in force when the proceedings now being questioned were instituted,) (1 R. S. 1855, p. 254, § 53,) that amendments of affidavits in attachment proceedings were " expressly allowed by the statute." In *Hardin v. Lee*, 51 Mo. 241, it was the unanimous opinion of this court that: " Proceedings which are amendable are not void. The very fact that the court can make the amendment shows *ex vi termini*, that the proceedings are merely erroneous or irregular, and that the court has jurisdiction." See that case and authorities therein cited, and *Moore v. Mauck*, 79 Ill. 391; *Kruse v. Wilson*, 79 Ill. 233, 614. It cannot be doubted, from an examination of the statute and of the authorities cited, that the court in which the attachment proceedings were instituted, would have permitted the amendment of the affidavit by allowing the affiant permission to sign his name thereto *nunc pro tunc*. This is certainly good law, if the case of *Bergesch v. Keevil, supra*, is to stand, and the statute in such cases made and provided is to be obeyed. And no reason founded in principle, can, in my opinion, be shown why an affidavit defective in one of its component parts; defective (if indeed defective at all) in merely lacking the signature

Hargadine v. Van Horn.

of the affiant, should not be as readily amended, as where it lacks the jurat, without which it would possess none of the ear-marks of authenticity. For these reasons, I entertain no doubt that conceding the affidavit defective, still being amendable, the proceedings are not void, and the court had jurisdiction.

But aside from the foregoing reasons, there are others why the judgment which was recovered, and under which the land was sold, should not be held void and subject to overthrow by collateral attack, whatever may be thought of the validity of the attachment. The suit was commenced by summons, and the attachment was sued out *pendente lite.* The defendant, Campbell, was either served or else voluntarily appeared to the suit; he made no question of the right of the court to exercise jurisdiction over him by attachment; he filed no motion to quash, but on the contrary did file his plea in abatement, which admitted the jurisdiction of the court, but denied only the truth of the facts set forth in the affidavit. The issue raised by Campbell's plea was found against him, and the suit then proceeded to final judgment, which was a general one, and bound not only the attached property, but other property of the defendant. 1 Wag. Stat., pp. 188, 189, §§ 36, 40. In such circumstances as above set forth, it is said that the proceedings, however defective the affidavit, will be valid; and the rights thereby acquired will not depend on the attachment for their validity, but upon the judgment; which in such case, cannot be impeached in any collateral proceeding. Drake on Attach., § 87; *Toland v. Sprague,* 12 Pet. 300; *Inman v. Allport,* 65 Ill. 540. For these reasons I am not in favor of reversing the judgment. NORTON, J., concurs in this opinion.