DAVID GOLDSMITH, Respondent, v. ST. LOUIS CANDY COMPANY, Appellant.

### St. Louis Court of Appeals, November 20, 1900.

1. **Stipulation to Try Cases by Same Jury: DISCRETION OF JUDGE: PRACTICE, TRIAL.** The stipulation to try two cases by one and the same jury at the same time, is not unlawful, and it is within the discretion of the trial judge to require parties to live up to their stipulation.

2. **Practice, Trial: OBJECTIONS TO TESTIMONY AT TRIAL.** Objection in the trial of a case, to the introduction of testimony for the reason that an account fails to state a cause of action is condemned by the appellate court.

3. **———: ———: ———: PLEADING, CONSTRUCTION OF: ARREST OF JUDGMENT.** This practice is only tolerated, when the petition or complaint wholly fails by liberal construction or reasonable intendment to state any cause of action, or when the pleading is void of any legal efficacy so that a motion in arrest of a judgment founded thereon would have to be sustained.

4. **Legal Services: REASONABLE VALUE.** In the case at bar the services of the respondent, an attorney at law, in regard to obtaining discount for appellant at a bank were not altogether such as are ordinarily rendered by a broker in pecuniary discounts.

5. **———: ———: VERDICT: EVIDENCE: PRACTICE, APPELLATE.** In the case at bar the evidence supports the verdict, and the verdict vindicates the righteousness of the respondent's claim, and it will not be disturbed.

Appeal from the St. Louis City Circuit Court.—*Hon. Franklin Ferris*, Judge.

AFFIRMED.

*Frank A. C. MacManus* and *Clifford B. Allen* for appellants.

(1) In the trial of the cause in the circuit court, notwithstanding the stipulation, counsel then acting for defendants objected to trying the two cases at one and the same time and before the same jury, and against this objection cases were so tried by the court. After the cases were called for trial and before any evidence was offered, defendants in each case "objected to the introduction of any evidence on the part of plaintiff in either case on the ground that the accounts filed in the two cases were not sufficiently definite and plain to constitute a cause of action, and asked that plaintiff be excluded from offering evidence, and especially so as a bill of items had been called for before the justice and had not then or was not in the circuit court furnished." These objections were overruled. (2) The motions should have been sustained on statutory grounds. R. S., sec. 630, p. 257; Myer v. Chambers, 68 Mo. 626; Dawson v. Quillen, 61 Mo. App. 676. (3) It is respectfully submitted that the defendants have been greatly prejudiced by the instructions and that Stuckes particularly has been deprived of a fair and impartial hearing through errors of the court in admitting incompetent evidence on the part of the plaintiff, and in the instructions given. Rumsey v. Railway, 3 Mo. App. Rep. 471. (4) The production of an attorney's license in a suit to collect attorney's fees is essential. Kersey v. Garton, 77 Mo. 645.

Goldsmith v. St. Louis Candy Co.

(1)   The first complaint which we shall consider is that based on the following portion of the instructions of the court: "If the jury find from the evidence that the plaintiff rendered for and at the instance of the St. Louis Candy Company any legal services in the matters set out or mentioned in the account against said company, which has been read in evidence, and that no payment has been made for on account thereof, then the jury will find for the plaintiff in his suit against said St. Louis Candy Company, and assess as his damages," etc.   (2)   The complaint is based on the use of the term, "legal services."   We confess that we do not comprehend how the defendant pretends to have been injured or prejudiced by this instruction.   Its only effect is to restrict and limit the claims of the plaintiff, and, if it were incorrect, he alone would be entitled to complain of it.   Besides, the instruction of plaintiff's right of recovery to legal services was made at the instance of the defendant, and this, of itself, would debar the defendant from complaining of it. The very first instruction asked by the plaintiff declares that the verdict should be for the defendant, unless the plaintiff has established to the satisfaction of the jury "that the services mentioned in evidence were performed by plaintiff, and were of a legal character."   (3)   The law is too well settled to justify any more extended reference to this complaint, that the request for this instruction estops the defendant from complaining of it.   Haggard v. Ins. Co., 53 Mo. App. 98; Fenwick v. Bowling, 50 Mo. App. 516; Farrell v. Ins. Co., 66 Mo. App. 153; Aultman, etc., Co. v. Smith, 52 Mo. App. 351.

BLAND, P. J.—Plaintiff commenced this suit before a

justice of the peace by filing with him the following account:
"St. Louis Candy Co.

To David Goldsmith, Dr.

| | | | |
|---|---|---|---|
| 1st. | To services in suit of Lipstate v. St. Louis Candy Co., before Justice Spalding in 1897. | $ 25 | 00 |
| 2d. | To consultation and services in reference to procurement of discount by Fourth National Bank of St. Louis of notes given for sugar in October or November, 1897 ............ | 100 | 00 |
| 3d. | To consultations and services in reference to procurement of discount of $2,500 at Fourth National Bank in October or November, 1897 ..........  .................. | 100 | 00 |
| 4th. | To consultatons other than those referred to, the same including all consultations between May 12, 1897, and January 1, 1898, excepting only those relating to matters above charged for, said consultations accruing in May, June, July, August, September, October, November and December, 1897.. | 150 | 00 |
| | | $375 | 00 |
| 5th. | To int. on above amount from Jan. 2,1898.. | 21 | 40 |
| | Total ...... ............. ..........$396 40" | | |

Defendant filed a motion before the justice to require
the plaintiff to make his account more specific and certain,
which motion was overruled.   A trial was had resulting in a
judgment for the plaintiff.   Defendant appealed.

At the same time plaintiff commenced this suit he also,
before the same justice, brought suit on account for legal
services against Emil Wamsganz and John Stuckes, stock-
holders in the St. Louis Candy Company.   This latter suit

was tried on the same day as the candy company case and was appealed to the circuit court at the same time. Counsel for all the parties to both suits stipulated in writing after the appeals were taken that both suits might be tried at the same time and by one jury. In the circuit court defendants in both cases were represented by counsel other than the one who represented them in the justice's court. The new attorney demanded a separate trial of the causes. Plaintiff refused to release the defendants from their agreement to try both causes at one time by the same jury, and the court overruled the motion for a separate trial. The two causes were submitted at one and the same time to one jury; the evidence was heard in each case, and separate instructions were given. The jury returned separate verdicts, finding for the plaintiff in both cases. Both defendants appealed.

One bill of exceptions is made to do service for both cases; one set of abstracts and briefs are filed covering both cases, distinguishing the one case from the other however, so that there is no confounding of the one case with the other.

1. The stipulation to try the two cases by one jury at the same time was not unlawful; the parties had a right to enter into it, and having done so, it was not within the power of one party to withdraw from it, without the consent of the other. It was within the discretion of the trial judge to require the parties to live up to the stipulation, or to disregard it, and direct a separate trial of the two causes, and this court will not interefere with the exercise of that discretion, unless it appears that there has been an abuse of it. It does not so appear in this instance. There were no complications in either case; no confusion of the different issues, and nothing that we have discovered in the conduct of the trial that would tend to mislead or confuse the jury.

2. Appellants objected to the introduction of any testi-

mony on the trial *in this case,* for the reason that the account failed to state any cause of action. We fail to see the force of this objection. If the account was not itemized with that degree of detail, definiteness and certainty as to apprise the appellant of all the particulars of the legal services, consultations, etc, for which respondent was suing, the learned counsel for appellant should have renewed his motion, filed before the justice, for a more particular bill of items, instead of resorting to the *cut-throat* practice of objecting to the testimony. This practice has been repeatedly condemned by the supreme court, and is only tolerated, when the petition or complaint wholly fails by liberal construction or reasonable intendment to state any cause of action, when the pleading is void of any legal efficacy so that a motion in arrest of a judgment founded thereon would have to be sustained.

3. Appellant contends that to have entitled the responent to recover for legal services he should have produced a license authorizing him to practice law. The respondent, without objection, testified on the trial that he had been a practicing lawyer since 1872 in the city of St. Louis. This was sufficient.

4. Appellants offered to prove the reasonable value of a broker's commission for procuring bank discounts, on the theory that respondent was only entitled to a compensation as a broker for procuring the discounts mentioned in his account. The court rejected the testimony, and appellants saved an exception. The character of the services of responent in regard to the discount were not altogether such as are ordinarily rendered by a broker in procuring discounts. The negotiations extended over a week, during which respondent was consulted from day to day about the discount, finally, and as means for its procurement, at the suggestion of respondent, Miss Ida Wamsganz was called and her prop-

erty was pledged as security to procure the discount, under the advice and direction of respondent, besides respondent was not applied to or employed as a note broker, but was consulted as the regular attorney, by previous employment, of the appellant, and the court correctly excluded the proffered testimony.

5. The last objection made by appellant is that the verdict of the jury is excessive. The observation of the bench and the experience of the bar has been that juries, as a rule, scale down, lop-off and mutilate the bill of fees of an attorney at law, when put in their hands for allowance, instead of allowing the whole bill together with interest, as was done in this case. Because the jury did not observe the usual course in such cases the appellant concludes that it has been injured. This verdict is too unique and too valuable as a precedent, and affords too great a consolation to our brethren of the bar to be disturbed by us, except upon the most urgent demands of justice. Happily no such demand is found in the record of this case; the evidence supports the verdict, and the verdict vindicates the righteousness of the respondent's claim, wherefore we affirm the judgment. All concur.