·A. C. SPAULDING, Appellant, v. JOHN W. NESBITT, Respondent.

**St. Louis Court of Appeals, February 12, 1901.**

**Damages.** Where appellant's hay was on the respondent's premises by his permission—by his license—and appellant had done what respondent suggested would protect the hay from the kind of cattle he said he would turn on the premises, and when the respondent without notice turned in on said premises a large number of cattle at a time and under circumstances that insured the breaking of the fences and the consumption of appellant's hay, and there was no countervailing testimony, respondent should be required to repay the damages his cattle occasioned the appellant.

Appeal from Monroe Circuit Court.—*Hon. D. H. Eby,* Judge. ·

REVERSED AND REMANDED.

*W. T. Ragland* and *F. W. McAllister* for appellant.

(1) The plaintiff had a contractual license to stack the hay he had bought of defendant on defendant's land, to keep it there in the stack for a reasonable time, and within such reasonable time to go upon defendant's land and remove it. During this reasonable time plaintiff's rights were absolute, and the license given him by defendant was irrevocable. Wood v. Manley, 11 A. & E. 345; Patrick v. Colerick, 3 M. & W. 483; Gibson v. Agricultural & Mechanical Ass'n, 33 Mo. App. 180; House v. Montgomery, 19 Mo. App. 170; Baker v. Railroad, 57 Mo. 265; Williams v. Floyd, 63 Mich. 487; Shepherd v. Drake, 61 Mo. App. 134. (2) What would be a reasonable time for plaintiff to have kept his hay on defend-

ant's land would depend largely on the situation of the parties, and the facts and circumstances attending the transaction. The rule is that "a right under a license, when not specially restricted, is commensurate with the thing of which the license is accessory." Rerick v. Kern, 14 S. & R. (Pa.) 267.

No brief furnished for respondent.

BLAND, P. J.—This suit was begun before a justice of the peace and taken to the circuit court by appeal. On the trial in the circuit court, at the close of plaintiff's evidence, the court instructed the jury to find for the defendant. A verdict for defendant was returned and judgment entered thereon. Plaintiff appealed.

The facts as shown by the evidence, briefly stated, are that in 1898, J. A. Spaulding bought for himself and son (the appellant) forty acres of growing meadow-grass of the respondent for $75, with the privilege of harvesting the same and stacking it on the premises. That the crop of grass was cut and ricked on the premises, after which the appellant and his father divided the ricks, the appellant taking four and his father one. That appellant paid respondent the agreed price for the grass, $75. That early in the fall the respondent gave notice to appellant, that he wanted to turn some young cattle to pasture on the meadow and asked appellant to fence his hay ricks or remove them; that respondent and appellant discussed the character of fence that would be necessary to protect the hay from the cattle; that respondent said he thought a post and wire fence of from two to three wires would afford ample protection; that before any cattle were turned on the meadow, appellant inclosed his ricks with a post and wire fence of two and three strands of wires and braced most of the corners. That on October 17, during a snow storm, respondent turned one hun-

dred and fifty head of cattle on the meadow, at a time when they could not reach the growing grass on account of the depth of the snow, and that these cattle broke down the fences inclosing appellant's hay and ate and destroyed from eight to ten tons, worth not less than five dollars per ton.

Upon what theory of law the court took the case from the jury we' are not informed by respondent, as he has filed no brief, nor are we able to conjecture.

The appellant's hay was on the respondent's premises by his permission—by his license. He had done what respondent suggested would protect the hay from the kind of cattle he said he would turn on the meadow. Without notice he turned on a large number of cattle at a time and under circumstances that insured the breaking of the fences and the consumption of appellant's hay, and if there is no countervailing testimony he should be required to repay the damages his cattle occasioned the appellant. Judgment reversed and cause remanded. All concur.