SPALDING, Respondent, v. NESBIT, Appellant.

St. Louis Court of Appeals, February 16, 1904.

OBJECTION TO TESTIMONY: Failure to State Cause of Action. An objection to the introduction of any testimony on the ground that the petition does not state a cause of action, is to be tolerated only where the complaint wholly fails to set forth a cause of action and would be held bad on a motion in arrest.

Appeal from Monroe Circuit Court.—*Hon. David H. Eby*, Judge.

AFFIRMED.

*James H. Whitecotton* and *Thomas P. Bashaw* for appellant.

*James P. Boyd* for respondent.

REYBURN, J.—After this case was remanded by this court (87 Mo. App. 90) upon the ruling therein announced, that upon the testimony introduced by plaintiff the trial court had erred in withholding the case from the jury by granting the instruction directing a verdict for defendant, the cause was retried and a verdict in favor of plaintiff returned, with damages assessed in a nominal sum. The amended complaint adopted at both trials was as follows:

"Plaintiff, for his third voluntary amended statement, filed by leave of court, says that on the — day of ——, 1898, he bought of the defendant the meadow on a certain inclosed field with the privilege of stacking the hay cut therefrom on said inclosed field. That it was at that time agreed between plaintiff and defendant that if plaintiff did not wish to remove his said hay from said inclosed field as soon as defendant might desire to pasture said field during the succeeding fall that plaintiff might let his hay remain therein, provided that he would fence the stacks of said hay with a suitable fence of posts and wire sufficient to turn ordinary stock under ordinary circumstances. That on the — day of ——, 1898, thereafter, and while plaintiff's said hay was still on said field, defendant notified plaintiff that he wanted to pasture said field. That thereupon plaintiff caused his said stacks of hay to be fenced with a good and suitable fence of post and wire sufficient to turn ordinary stock under ordinary circumstances. That thereafter defendant turned into said inclosed field one hundred and fifty head of cattle, and that said cattle thereupon broke down and through the fences around plaintiff's stacks of hay and ate and destroyed ten tons thereof of the value of fifty dollars to plaintiff's damage in the sum of fifty dollars for which with costs he prays judgment."

To which defendant filed a general denial.

The evidence of plaintiff disclosed a state of facts similar to that at former hearing and in effect, that in 1898, J. A. Spalding bought for himself and his son, respondent herein, thirty-six acres of growing meadow-grass of the appellant for seventy-two dollars, with privilege of harvesting and stacking it on the ground. The crop of grass was cut and ricked on the premises, and divided, respondent taking four ricks and his father the one remaining and respondent paid appellant the agreed price for the grass. Early in the fall the appellant notified respondent that he wanted to turn some young cattle to pasture on the meadow, and asked respondent to fence or remove the hayricks; after discussion between respondent and appellant of the character of fence necessary to protect the hay from the cattle, appellant said he thought a post and wire fence of from two to three wires would afford ample protection, and before any cattle were turned on the meadow, respondent inclosed his ricks with a post and wire fence of two and three strands of wire and braced most of the corners. On October 17th following, and during a snow storm, appellant turned one hundred and fifty head of cattle on the meadow, when by reason of the depth of the snow they could not reach the growing grass beneath, and these cattle broke down the fences around the hay and ate and destroyed from eight to ten tons, worth not less than five dollars per ton.

The evidence offered by defendant, consisted of the testimony of himself and other witnesses controverting the chief statements of plaintiff's witnesses regarding the fence and the cattle, and upon which reliance for recovery was founded. At the commencement of the trial, defendant objected to the introduction of any testimony, charging that the third amended complaint did not state a cause of action, which the court overruled and appellant now assails the statement of the plain-

tiff's cause of action as insufficient and defective. The practice of thus objecting to introduction of testimony, for the reason that no cause of action is stated, has been repeatedly condemned by the Supreme Court as well as by this court, and the rule is stated here to be, that such method is to be tolerated only where the complaint, by liberal construction or reasonable intendment wholly fails to set forth a cause of action, when the pleading is void of any legal efficacy, so that a motion in arrest of judgment based thereon would have to be sustained. Goldsmith v. Candy Co., 85 Mo. App. 595. Measured by such test, the statement of plaintiff's cause of action herein, while brief, contains essential averments adequate to sustain a verdict.

2. Various objections are made to the instructions given by the court at instance of plaintiff and of its own accord, which have been fully considered and are not deemed tenable or justifying elaborate review and discussion. Nor are the complaints made on behalf of defendant warranted, that the imperative instruction asked should have been given, either at close of plaintiff's case or at termination of all the testimony, or that defendant's rejected instructions should have been given. The first objection is fully met and answered by the decision upon the first appearance of the case in this court, that upon the testimony then submitted, substantially the same now, the case should have been committed to the jury. The instructions submitted on defendant's behalf, which the court declined to give were properly refused; in part they were already embraced in the instructions given, and in part, contained commentaries upon the evidence and lacked support in the testimony.

The questions presented by this record involved essentially issues of fact, particularly appropriate for consideration and decision by a jury, and were submitted upon instructions fairly presenting them, and no reason

has been advanced to authorize us to disturb the conclusion of the jury.

The judgment is affirmed. *Bland, P. J.*, and *Goode, J.*, concur.