GEORGE W. FITZPATRICK, Administrator, etc., Respondent, v. ELLEN S. STEVENS, Executrix, etc., Appellant.

Kansas City Court of Appeals, October 2 and November 6, 1905.

1. **EQUITY: Setting Aside Judgment: Defendant's Negligence.** Whether the defendant's conduct is negligent or careful, equity will not interfere to set aside a judgment where the fraud alleged is confined to matters that could have been decided in the proceedings resulting in the judgment; and relief will be denied in all actions except the one resulting in the judgment, and that only by proper steps taken in the prescribed time.

2. ———: ———: **Plaintiff's Conduct: Fraud: Remedy.** Where the plaintiff's fraud is in the very concoction and procurement of the judgment imposing upon the court's jurisdiction and purposely misleading it in making the judgment the offspring of iniquity, then the judgment may be set aside in equity if the defendant shows due diligence and has no other legal remedy.

3. ———: ———: **Administration: Affidavit to Demand.** A false affidavit to a demand against an estate is a jurisdictional matter and, where knowingly false, is such evil practice as to be a fraud upon the administration of justice and no judicial act innocently performed for its effectuation could serve to purge the resulting judgment of its corruption.

4. ———: **Fraud: Jurisdiction: Administration: Statute: Limitation.** Fraud constitutes the most ancient foundation of equity jurisdiction which is not ousted by increasing remedies at law; and section 214, Revised Statutes 1899, is only a concurrent remedy for setting aside judgments fraudulently obtained on demands presented to the probate court and not an exclusive remedy; and the limitation against an equitable action is prescribed only in section 4273.

114 app—32

Appeal from Jackson Circuit Court.—*Hon. J. H. Slover,*
Judge.

AFFIRMED.

*Noyes, Heath & Walls* for appellant.

(1)  In support of first and second assignments of
error, section 214, Revised Statutes 1899, gives plaintiff
his remedy, and only remedy.  Clark v. Thias, 173 Mo.
628, pages 636, 637 and 643.  (2)  In support of third,
fourth, fifth and sixth assignments of error, see 2 Story
Eq. (12 Ed.), sec. 1572, page 793; 1 Spelling on Injunc-
tion (2 Ed.), sec. 85, page 106; 1 Herman Estoppel and
Res Judicata, sec. 242, page 277; 16 Am. and Eng. Ency.
of Law (2 Ed.), 376; Link v. Link, 48 Mo. App. 345;
Ramsey v. Hicks, 53 Mo. App. 190; George v. Tutt, 36
Mo. 141; Reed v. Hansard, 37 Mo. 199; Miller v. Major,
67 Mo. 247; Carolus v. Koch, 72 Mo. 645; Smith v. Sims,
77 Mo. 269; Murphy v. De France, 101 Mo. 151; Rich-
ardson v. Stowe, 102 Mo. 33; Irvine v. Leyh, 102 Mo. 201;
Sears v. Stone County, 105 Mo. 236; Oxley Stave Co. v.
Butler Co., 121 Mo. 614; Hamilton v. McLean, 139 Mo.
678; Covington v. Chamberlain, 156 Mo. 574; Crim v.
Crim, 162 Mo. 544; Hamilton v. McLean, 169 Mo. 51;
United States v. Throckmorton, 98 U. S. 61, 25 L. Ed.
93; Vance v. Burbank, 101 U. S. 514, 25 L. Ed. 929.

*Walsh & Morrison* and *Horace H. Blanton* for re-
spondent.

(1)  Before the probate court can allow a demand
against an estate, it is necessary for the claimant to
make an affidavit that he has given credit to the estate
for all off-sets to which it is entitled, and that the bal-
ance claimed is justly due.  R. S. 1899, sec. 195; Wil-
liams v. Gerber, 75 Mo. App. l. c. 30.  (2)  Fraud in
acquiring jurisdiction of a cause affords ample ground
for impeaching a judgment obtained thereby.  Hamil-

ton v. McLean, 169 Mo. 1. c. 72; Wonderly v. Lafayette County, 150 Mo. 1. c. pp. 645 to 655; Mayberry v. McClurg, 51 Mo. 256; Freeman on Judgments, secs. 489 and 491; R. S. 1899, sec. 2036.

JOHNSON, J.—This is a suit in equity to set aside a judgment charged to have been concocted in fraud. The court, upon hearing, granted the relief asked, and defendant appealed.

Plaintiff introduced evidence tending to sustain the following facts: In 1894 J. K. Miller Stevens executed and delivered to his brother, Edward A. Stevens, his promissory note for $400, bearing interest at eight per cent per annum. During the following year the payee accepted from the maker a steel safe in full payment of the note and interest. Edward, however, did not surrender the note, assigning as his reason that he had lost it. On October 10, 1901, J. K. Miller Stevens died in Jackson county, and plaintiff was duly appointed administrator of his estate. Afterwards, on December 16, 1901, Edward presented the note to the probate court for allowance, claiming that the whole of the principal and interest, amounting in all to six hundred and twenty-three dollars and fifty cents, was past due and unpaid, and supported his demand by filing his affidavit as required under Revised Statutes 1899, section 195. The administrator (the plaintiff here) appeared but not being advised of any fact indicating that the note had been paid offered no defense, and judgment was given demandant for the amount stated, from which no appeal was taken. Some months thereafter (just when is not shown) the administrator first learned, from another brother of the deceased, the facts and circumstances of the payment of the note, but took no action affecting the judgment until an effort was made by the executrix of the estate of Edward (who died in the meantime), to enforce its collection. Plaintiff then began this proceeding on December 7, 1903.

We find, as did the learned trial judge, that the weight of the evidence adduced is in favor of the plaintiff's assertion, that the debt was paid in full during the lifetime of the intestate, and that Edward, designing to defraud the estate, presented what he knew to be a fictitious demand, and procured the exercise by the probate court of jurisdiction over it through a false affidavit, by which practice he intended to deceive both the plaintiff and the court. Further, we are of the opinion that plaintiff was not in any manner negligent in failing to offer the defense of payment, for the reason that he did not know of the fact, nor of any other facts, to incite special inquiry and investigation. Any person of ordinary prudence, in his position, probably would have been misled, as was he, into believing the demand genuine when confronted by the note, upon which it was founded, bearing the signature of the intestate, and the affidavit of his brother, its holder, that it evidenced an unpaid debt, against which there was no defense.

But whether his conduct may be denominated negligent or careful, this action cannot be maintained if it appears that Edward's fraud was confined to matters which were, or could have been made, the subject of juridical inquiry in the proceedings before the probate court. Fraud in such respects may be of the most flagrant, even criminal character, but relief will be denied in all actions, except that in which the judgment was rendered, and there only upon proper steps taken in the time prescribed by law. The principle upon which the rule is founded ignores the fact of the degree of care actually exerted by defendant in making his defense. He may have been never so diligent but, if he permits a defense to escape him, is as conclusively bound by the judgment as he would have been under conduct the most negligent. He must present his defenses in the time and manner allowed him and is estopped from saying that he was deceived or misled by his opponent in anything pertaining to the merits. Being given his

day in court, the presumption is conclusive that he is at fault if he fails to make everything out of his case that could be made. To borrow a term from another class of cases, his assumed negligence, not the fraud of his opponent, is the proximate cause of his misfortune.

But when the fraud of his adversary is in the very concoction and procurement of the judgment, the case falls outside the domain of the principle discussed into that of another, which may be stated in this wise: Where the defendant is free from actual negligence and has been deceived by fraud practiced by his opponent for the purpose of misleading the court, either into the assuming of jurisdiction over a cause or into proceeding with the trial of one over which jurisdiction has been obtained, and, misled by the deception, both the court and defendant have acted as neither would but for such fraud, a judgment so extorted is not to be considered the solemn pronouncement of the court, but the offspring of iniquity and should be set aside in equity provided the defendant has acted with due diligence to discover the fraud and upon its discovery is without legal remedy in the action in which the judgment was obtained.

Turning now to the case before us, we find that the essential facts stated in the affidavit filed by Edward under Revised Statutes 1899, section 195, were not extrinsic to the merits of the demand presented to the probate court for adjudication. That is to say, the fact of the payment was one which the administrator could have put in issue had he known of its existence, and his want of knowledge of this fact which, together with the other facts shown, made the demand fictitious and fraudulent, will not sustain him here without it appears that the filing of the false affidavit of itself operated to deceive the administrator and the court, the former into making no investigation, and the latter into assuming jurisdiction over the demand. We have already shown in what manner the administrator became the innocent victim of the fraud. The probate court certainly would have

refused to proceed had the demand not been verified as required by the statute.

It is well settled that such verification is a condition precedent to the exercise of jurisdiction over the demand. [R. S. 1899, sec. 195; Williams v. Gerber, 75 Mo. App. l. c. 30; Perry v. Alford, 5 Mo. l. c. 503; Bank v. Ward, 45 Mo. l. c. 311; Dorn v. Parsons, 56 Mo. l. c. 602; Million v. Ohnsorg, 10 Mo App. l. c. 437; Bick v. Tanzey, 181 Mo. l. c. 524; Burnett v. McCluey, 78 Mo. l. c. 689; Hargadine v. Van Horn, 72 Mo. 370.] It is a step preliminary to the conferring of jurisdiction. That the instrument which set the court in motion involved none but intrinsic facts made it none the less a fraudulent device, without which the court could not have acted. Through it the proceedings reached the hand of the court tainted with fraud. To thrust a thing so corrupt in its inception into court was a fraud upon the administration of justice and no judicial act innocently performed for its effectuation could serve to purge it of corruption. The case therefore possesses all of the elements for equitable action. Among the authorities sustaining the views expressed are the following: Hamilton v. McLean, 169 Mo. 51; Wonderly v. Lafayette County, 150 Mo. 635; Mayberry v. McClurg, 51 Mo. 256; Ramsey v. Hicks, 53 Mo. App. 190; Link v. Link, 48 Mo. App. 345; United States v. Throckmorton, 98 U. S. 61; Freeman on Judgments, secs. 489 and 491; 2 Story on Equity Jurisprudence, secs. 1572 and 1575; Herman on Estoppel and Res Judicata, sec. 242.

Attention is directed by defendant to Revised Statutes 1899, section 214, which is as follows: "If any executor, administrator, heir or creditor of an estate shall, within four months after any demand shall have been allowed, file in the office of the probate court the affidavit of himself or some credible person, stating that the affiant has good reason to believe that such demand has been improperly allowed, and shall furnish satisfactory evidence of that fact to the court, and further, that not-

ice has been given the opposite party or parties in interest, the court shall vacate such order of allowance and try the matter anew, and allow or reject such demand as shall be right; and if, upon such new hearing, such demand shall be allowed, it shall be classed and paid as if such new hearing had not been granted.'' It is urged that as plaintiff is afforded, under this section, a complete and adequate remedy at law, he is without equitable remedy. As was said in Stewart v. Callwell, 54 Mo. 536: "Fraud belongs to the original jurisdiction always exercised by courts of equity and constitutes its most ancient foundation. Such jurisdiction is not ousted because a remedy exists at law, for the jurisdictional powers formerly possessed by that court still continue unaffected by the enlargement which is taking place in the functions of the courts of law, and will not be extinguished by anything short of direct and positive prohibitory enactment." [Penn v. Penn, 39 Mo. 282; Purdy v. Gault, 19 Mo. 191.] Clark v. Thias, 173 Mo. 628, is not in conflict with the principles followed in these cases.

The section under consideration provides a concurrent, not an exclusive remedy. Had the administrator discovered the fraud before the limitation provided for taking action under the statute, this fact would not have compelled him either to bring his suit at law or to proceed in equity in the period prescribed in section 214. The limitation imposed upon his right to sue in equity is that fixed by Revised Statutes 1899, section 4273.

The judgment is affirmed. All concur.