JOHN B. DORMAN, Appellant, v. J. D. HALL, Sheriff; GEORGE A. BLANCHARD, Administrator, etc., Respondents.

Kansas City Court of Appeals, April 1, 1907.

1. **JUDGMENT: Setting Aside: Fraud.** It is not any general fraud or wrongful act on the part of the plaintiff in a judgment which will authorize a court of equity to set it aside; the fraud must be in the "very act" of obtaining the judgment.

2. ———: ———: ———: **Pleading.** It is a fundamental rule of equity pleading that in alleging fraud it will not suffice to say that the party fraudulently procured, etc., or that he committed or was guilty of fraud, but the specific fraud must be set forth in particular.

Dorman v. Hall.

Appeal from Henry Circuit Court.—*Hon. Levin W. Shafer,* Judge.

AFFIRMED.

*John A. Gilbreath* and *C. I. Davis* for appellant.

(1) Fraudulent combination grounds for equity to set aside. Ritter v. Democratic Press Co., 68 Mo. 458. (2) A party should not be permitted to make the court an instrument of injustice when it is clear that he had done so in obtaining the judgment sought to be set aside. Lee v. Harmon, 84 Mo. App. 157; Sanderson v. Voelcker, 51 Mo. App. 331; Bresnehan v. Price, 57 Mo. 422. (3) A court of equity will relieve even where the facts existing at the time of the rendition of the judgment, if the execution debtor was ignorant thereof, or such failure to show same was caused by the act of the opposite party. Carolus v. Koch, 72 Mo. 645; Huff v. Thurman, 78 Mo. App. 635; Davis v. Staples, 45 Mo. 567. (4) When the facts are known to plaintiff, but unknown to defendant, and purposely concealed from defendant by plaintiff, that is sufficient excuse for not setting them up as a defense. Wonderly v. Lafayette Co., 150 Mo. 653; Bresnehan v. Price, 57 Mo. 422. (5) Fraud in procuring a judgment at law is always good ground for coming into equity to set aside the judgment, or when known to be unjust. Freeman on Judgments, sec. 491; Irvine v. Leyh, 102 Mo. 200; Wonderly v. Lafayette Co., supra; Payne v. O'Shea, 84 Mo. 129; Wilhite v. Ferry, 66 Mo. App. 459.

*Parks & Son* for respondent.

(1) A judgment can only be attacked directly for fraud in the very act of procuring it. Warden v. Busbee, 89 Mo. App. 116; Railroad v. Warden, 75 Mo. App. 122; Davis v. Wade, 58 Mo. App. 645; Wyman v. Hardwick, 52 Mo. App. 621; Evarts v. Lumber Co., 193 Mo. 452;

Smoot v. Judd, 184 Mo. 542; Pelz v. Bollinger, 180 Mo. 258; Baldwin v. Dalton, 168 Mo. 35; Johnson v. Realty Co., 167 Mo. 339; Crim v. Crim, 162 Mo. 554; Covington v. Chamblin, 156 Mo. 588; Bates v. Hamilton, 144 Mo. 11; Hamilton v. McLean, 139 Mo. 686; Moody v. Peyton, 135 Mo. 489; Nichols v. Stevens, 123 Mo. 116. (2) A judgment cannot be impeached except on the ground of fraud in the very act of obtaining the judgment. Warden v. Busbee, 89 Mo. App. 117. (3) Plaintiff's petition, on its face, disclosed no ground for the relief prayed; among other things, to charge fraud in the procurement of the judgment sought to be enjoined. Davis v. Wade, 58 Mo. App. 645; Hamilton v. McLean, 139 Mo. 687. (4) It must appear that the judgment was concocted in fraud; that fraud was practiced in the very act of obtaining the judgment. The fraud in such case must be actual fraud as contradistinguished from a judgment obtained on false evidence or a forged instrument on the trial. Hamilton v. McLean, 139 Mo. 686; Nichols v. Stevens, 123 Mo. 116; Moody v. Peyton, 135 Mo. 489, and authorities cited; Crim v. Crim, 162 Mo. 554; Bates v. Hamilton, 144 Mo. 1; Johnson v. Realty Co., 167 Mo. 339. (5) In alleging fraud, it will not suffice to say that the party fraudulently procured, or fraudulently induced, or fraudulently did this or that, or that he committed or was guilty of fraud; the facts which constitute the fraud must be stated. Bliss on Code Pleading (2 Ed.), secs. 211, 339, note; Nichols v. Stevens, 123 Mo. 117.

ELLISON, J.—Plaintiff's action is stated in a bill or petition in equity whereby he seeks to annul a judgment obtained against him by defendant Blanchard and to enjoin defendant Hall, as sheriff, from proceeding to collect such judgment. The defendants, through their counsel, demurred to the petition on the ground that it did not state facts sufficient to entitle plaintiff to relief. The trial court sustained the demurrer and plain-

tiff, electing to stand on the bill as written, appealed
to this court.

The petition is quite lengthy and we will only set
out the substance thereof. It alleges that defendant is
the administrator of the estate of Mrs. Golden who died
June 17, 1900, and the defendant Hall is the sheriff of
Henry county who is attempting to collect the judgment
of which plaintiff complains. That this judgment was
obtained against plaintiff on a promissory note given to
Mrs. Golden by J. B. Hancock as principal and plaintiff
as surety. That prior to her death Mrs. Golden had put
the note in the hands of Emma Dufty as collateral secur-
ity for a debt owing to her. That the defendant admin-
istrator and the heir of Mrs. Golden for the purpose of
paying Dufty and of satisfying certain claims of one
S. P. Dorman, against Mrs. Golden's estate transferred
the Hancock note of $500 to S. P. Dorman who thereby
became and still is the owner of the note. That in No-
vember, 1902, S. P. Dorman brought suit on the note
against this defendant as administrator of Mrs. Golden's
estate and this plaintiff as surety. That on a trial in
April, 1905, the suit was decided in the defendant ad-
ministrator's favor on account of not having been pre-
sented within the period of limitations; and was decided
in plaintiff's favor on account of his having given notice
to sue within thirty days, which suit was not brought,
whereby he, as a surety, was discharged. But the court
decided that the additional defense by the administrator
that the note had been procured by S. P. Dorman, plain-
tiff in that suit, fraudulently was not made out.

It is further alleged that at the August term, 1902,
of the probate court this plaintiff presented a claim
against the estate of Mrs. Golden. That this defendant
administrator, pleaded the Hancock note to Mrs. Golden
on which plaintiff was surety as aforesaid, as a set-off.
That after a trial in the probate court, the case was
appealed to the circuit court of Henry county where it

was again tried and resulted in a judgment for the note ($500) against this plaintiff, surety thereon. It then alleged that during all of this time S. P. Dorman was the owner of said note and it was in his possession and that it was not filed with the claim of set-off. It is then alleged that the defendant sheriff is proceeding to enforce such judgment. Allegations are then made having for their purpose a showing of a fraudulent procurement of the judgment now sought to be annulled. These consist in fraudulent concealment of facts and fraudulent conspiracy between the defendant administrator and heir and S. P. Dorman.

But none of such allegations show that there was any fraud in the act of procuring or concocting the judgment. It is not any general fraud or wrongful act on the part of the plaintiff in a judgment which will authorize a court of equity to set it aside; but the fraud must be in the "very act" of obtaining the judgment. [Hamilton ·v. McLean, 139 Mo. 678; Bates v. Hamilton, 144 Mo. 1; Moody v. Peyton, 135 Mo. 482; Nichols v. Stevens, 123 Mo. 96; Fitzpatrick v. Stevens, 114 Mo. App. 497.] One may succeed in getting a judgment through perjured testimony, forged documents, concealment of facts, etc., and it cannot afterwards be set aside by a court of equity. It is considered the lesser of two evils to allow such judgment to stand than to adopt a rule which would leave litigation unsettled and all judgments subject to be attacked and a re-examination had of many of the issues which have either been once tried, or which should have been.

The utmost stretch in favor of the sufficiency of the present petition would only lead to a rather remote inference of fraud in the act of procuring the judgment. But no act is set forth in this particular as should be done, for it is stated to be a fundamental rule of equity pleading "that in alleging fraud it will not suffice to say that the party fraudulently procured, etc., or, that

he committed or was guilty of fraud." [Nichols v. Stevens, supra, 117.]

The petition is very full and it may be that its failure to make allegations sufficient to maintain a standing in court is due to a lack of material upon which to rest specific allegations as relating to the act of procuring the judgment to be rendered. We have no fault to find with the principles of law advanced by plaintiff, but we do not believe that they can be effectively applied against the rigid and uniform rule above set forth as obtaining in this State. The judgment is affirmed. All concur.