F. F. Fleurt, Respondent, v. Nannie Lotspeich, et al., Appellants.*

Kansas City Court of Appeals. June 15, 1925.

---

*Corpus Juris-Cyc References: Executors and Administrators, 24CJ, p. 359, n. 1, 5; p. 874, n. 21; Trial, 38Cyc, p. 1626, n. 69.

*A. E. Elliott* and *Martin & Martin* for respondent.

*DeArmond & Maxey* and *M. T. January* for appellants.

BLAND, J.—This is a suit on a claim for services rendered by plaintiff to J. E. Jester, deceased, during his lifetime. The claim originated in the probate court of Vernon county. From a judgment rendered in that court an appeal was taken to the circuit court of that county. In the latter court there was a verdict and judgment for $4500 in favor of plaintiff and defendants have appealed.

The claim was for $7750 for "washing, ironing, mending and sewing clothes, canning fruit, attention and meals during sickness, care of poultry and house care" from the year 1884 to and including the year 1921; no charge for the years 1906 and 1920 was made. There was ample evidence to support the verdict. However, defendants complain of the refusal of the court to give their instruction No. 4, which reads as follows:

"If the jury believe and find from the evidence that Mrs. Feurt's claim against Jester's estate is fraudulent, that is, that she is claiming for several years of services which she did not perform, and that such a claim on her part is knowingly false, you are at liberty to reject any or all of her claim in arriving at your verdict."

There was evidence on the part of a niece of deceased that during the years 1884 and 1885, when she lived with the deceased, plaintiff did not work for deceased. There was also evidence by one who rented deceased's farm while he was away in Arkansas that deceased was in that State during the years 1907 and 1908. There was other evidence that deceased was in Arkansas seven or eight years. If this testimony is to be believed, the account was fraudulent for the reason that plaintiff rendered no services in 1884 and 1885 and deceased was away in Arkansas at other times, and plaintiff knew when she filed her account that she rendered no services during those times although her written claim filed in the probate court asks for services for such years. Her claim covered $120 per year for the years 1884 and 1885; $225 for the year 1907 and $235 for the year 1908. The smallest amount claimed for any one year was for $120.

Section 192, Revised Statutes 1919, provides that—

"The court shall not allow any demand against any estate unless the claimant first make oath in open court, or file his affidavit with such claim, stating to the best of his knowledge and belief that he has given credit to the estate for all payments and offsets to which it is entitled, and that the *balance claimed is justly due.*" (Italics ours.)

It is held that without this affidavit the court acquires no jurisdiction. [Jenkins v. Morrow, 131 Mo. App. 288; Fitzpatrick v. Stevens, 114 Mo. App. 497; Million v. Ohnsorg, 10 Mo. App. 432, 437; Dorn v. Parsons, 56 Mo. 601, 602; Hargadine v. Van Horn, 72 Mo. 370; Bick v. Tanzey, 181 Mo. 515, 524, 525.]

Our Mechanic's Lien Statute, section 7221, Revised Statutes 1919, provides that every person seeking to obtain the benefit of the mechanic's lien statute shall file within a certain time with the clerk of the circuit court of the proper county *"a just and true account of the demand* due him or them, after all just credits have been given." (Italics ours.) It is held that if any such person file such a lien and fail to give credit in his account for payments received by or from the contractor under whom he claims, not inadvertently or through mistake, but knowingly and intentionally, the lien is invalid. [Uthoff v. Gerhard, 42 Mo. App. 256; Hydraulic Press Brick Co. v. McTaggart, 76 Mo. App. 347, 354.] Section 192 of the statute requires the affidavit to be made by a claimant against an estate to state that to the best of his knowledge and belief he has given credit to the estate for all payments and offsets to which it is entitled and that *the balance claimed is justly due.* This undoubtedly requires that the claim filed must give such credit and must ask for nothing

except a balance justly due, therefore, section 192 in this respect is not materially different from section 7221 in regard to the filing of a mechanic's lien. As there was testimony tending to show that plaintiff's account was materially incorrect and that if so, it was intentionally falsified, defendants' instruction No. 4 should have been given. It is true there was testimony on the part of plaintiff tending to disprove defendants' testimony but defendants had the right to have their theory of the case submitted to the jury.

It is insisted that defendants' instruction in the nature of a demurrer to the evidence should have been given for the reason that plaintiffs' daughter testified that deceased had paid plaintiff $23 on her account when the account shows no credit whatever. We think there is no merit in this contention. A claim filed in the probate court is not subject to the same strictness of pleadings as those filed in the circuit court. If it discloses the nature of the claim and informs the administrator or executor of what he is called upon to defend, it is sufficient. [Hinshaw v. Raines, 185 S. W. 1192, 1193.] The claim filed in the case at bar shows the amount claimed for each year. We are not called upon to decide whether the claim would not have been subject to a motion to make more specific, for the reason that no attack was made upon the statement of the claim at any time and as it disclosed the nature of the claim and informed the administrators of what they were called upon to defend, it must be held to be sufficient even if there were credits. [Goldsmith v. Candy Co., 85 Mo. App. 595, 600.] There certainly is nothing about the claim to show that it was not intended to cover credits.

The judgment is reversed and the cause remanded. *Arnold, J.,* concurs; *Trimble, P. J.,* absent.