Hattie THRASHER, Respondent,

v.

Christy ALLEN ESTATE, John T. Allen,
Administrator, Appellant.

No. 29374.

St. Louis Court of Appeals.

Missouri.

June 12, 1956.

Lane B. Henderson, Rolin T. Boulware, Shelbina, J. Andy Zenge, Jr., Canton, for appellant.

Bollow, Crist & Oswald, Shelbina, for respondent.

SAM C. BLAIR, Special Judge.

The plaintiff, Hattie Thrasher, filed her claim in the probate court against the estate of Christy Allen for the reasonable value of services she claimed she rendered him during the last eight years of his life. The claim was certified to the circuit court where a trial by jury resulted in a judgment for plaintiff for $3,200. From this judgment the administrator-defendant appeals.

Questioned by this appeal are (1) the trial court's refusal of the administrator's Instruction "E", (2) the qualifications of two of plaintiff's witnesses to testify to the value of her services, and (3) the sufficiency of hypothetical questions the court permitted these witnesses to answer.

Instruction "E", refused by the trial court, reads: "The court instructs the jury that if you find and believe from the evidence that Hattie Thrasher's claim against Christy Allen's estate is fraudulent, that is, that she is claiming for services which

she did not perform, and that such claim on her part is knowingly false, you are at liberty to reject any or all of her claim in arriving at your verdict." The administrator assembles from the record four circumstances which demonstrate, he asserts, that plaintiff's claim was fraudulent in the sense intended by Instruction "E".

The first circumstance the administrator relies on is that plaintiff delayed the filing of her claim until a few days prior to the expiration of the statutory limitation of one year. The statutory limitation of one year was established by the general assembly as the allowable and just period within which a claimant may present his claim. Obvious reasons preclude us from attaching any badge of fraud to plaintiff's failure to file earlier.

The second circumstance is that plaintiff's husband and daughter simultaneously filed claims against the estate. The assertion is made that the husband and daughter sought payment for "practically identical services in the same period of time." Quite true it is that all of the three claims were generally for the same *type* of services. Yet there is no evidence that these three claims were for the *same* services or that each did not represent a distinct and different series of services. Indeed the only testimony on this subject was that of plaintiff's daughter who testified that the claims were not for the same services. Even if the claims of the husband and daughter were for the same services, there is nothing to justify penalizing plaintiff for that circumstance. Nothing exists in this record to warrant the administrator's interpretation that the simultaneous filing of these three claims was a badge of fraud.

The administrator says the third circumstance is that there was evidence that the decedent was not "a heavy eater" and plaintiff claimed "for some items of food which there was testimony showing the decedent did not eat." Concerning the quantity of food decedent consumed, the answer is that neither plaintiff nor anyone else made any claim that he was "a heavy eater." Furthermore, it is our view that there was no substantial evidence that plaintiff claimed she supplied decedent with any item of food which he did not eat. Plaintiff's testimony developed that each year she canned for decedent 30–40 quarts of various vegetables and 125–150 quarts of different fruits. Each year she also canned and cured a whole 300–400 pound hog for him. All of this food she delivered to him. The decedent did not reside at plaintiff's home. He maintained his own apartment. The testimony regarding what the decedent did and did not eat was to this effect: For the administrator, the decedent's nephew testified he visited in decedent's apartment once a week and decedent "ate mostly meat and eggs and stuff like that." This is of no force. A chiropractor testified for the administrator that decedent came to her for treatment and she decided he "wasn't eating the right kind of food." She prescribed a diet of "fresh vegetables." "I prescribed a vegetable and fruit diet for him, and he said he didn't eat fruits or vegetables. He said he was a heavy meat eater." What the witness spoke of was a diet of *fresh* vegetables and an allowable inference is that decedent was speaking of *fresh* fruits as well as *fresh* vegetables when he said he did not eat them, and was not referring to *canned* fruits and vegetables. At all events, and even if an opposite inference is also allowable, our judgment is that the dubious and equivocal quality of the statement ascribed to the decedent robs it of all substantial character and probative force. Beyond this the administrator himself proved that quantities of canned fruits were found in decedent's apartment shortly after his death and took the trial position that decedent purchased his fruits and vegetables from merchants. It is singular that he now contends that decedent did not eat fruits and vegetables.

The fourth circumstance is that decedent did not require "constant physical attention" and only required physical attention on three occasions. Our study of the whole record convinces us that plaintiff made no claim that decedent required *constant* physical attention. Quite the contrary, plaintiff herself presented evidence, and evidence only, that he did not require attention of

that nature and required physical attention only on three occasions. Plaintiff's written claim was for nursing, preparing meals, washing, ironing, mending clothing, canning meats, vegetables, and preserves, washing rugs, curtains, and draperies, etc., during a period from December 1, 1944, to May 9, 1953. But to say the only construction we can place on her written claim is that she claimed she gave decedent "constant physical attention" is to say we must also construe her claim as stating that she was constantly preparing meals, was constantly washing, ironing, mending clothes, canning meats, vegetables, and washing rugs, etc., for him. Our view of her written claim, alone and united with her testimony, is that she was merely asserting that she performed each of these services for decedent as they became necessary, and then only.

Viewing all of these circumstances in combination, our conclusion is that they utterly fail to warrant any finding that plaintiff's claim was fraudulent in the sense the administrator contends, i. e., that she claimed for services she did not perform and that she made her claim knowing it was false.

The decision of the Kansas City Court of Appeals in Feurt v. Lotspeich, 221 Mo.App. 355, 273 S.W. 240 [1–3], relied on for a reversal by the administrator, presents a factual situation altogether different from this one. The claimant there sought payment for personal services from 1884–1922, excluding the years 1906 and 1920. She presented "ample evidence" to support her claim. The defendant presented evidence that during 1884–1885 the decedent was not available for the claimant to render him any service and evidence that during 1907–1908 deceased was not served by claimant but was absent and in Arkansas. There was other evidence for the defendant that the decedent spent seven or eight other years in Arkansas and was not available for any of claimant's services. The trial court refused the very instruction the administrator presented in this case. On appeal it was ruled that the instruction should have been given because there was substantial evidence which, if true, showed the claimant

to be guilty of knowingly presenting and insisting on a grossly fraudulent claim. Whatever the justice and logic of that ruling, the difference between the factual situation in that case and in this one must already be conspicuous enough. We rule that the circumstances put forward here by the administrator do not amount to any substantial evidence that plaintiff's claim was fraudulent in the sense intended by Instruction "E" and that the trial court quite rightly refused to give it.

■ Other complaints of the administrator require us to say only that they cannot be ruled. His remaining "Points and Authorities" are as follows: "Person must have special skill or knowledge respecting the matter involved so superior to that of men in general as to make formation of a judgment a fact of probative value in order to qualify as an expert witness," and "Hypothetical question to expert must include facts detailed in evidence and not rely on expert having heard testimony." These points obviously do not comply with Supreme Court Rule 1.08(a)(3) and (d), 42 V.A.M.S., requiring the "points relied on" to show what actions or rulings of the trial court are sought to be reviewed and requiring those points to state briefly and concisely why the court was wrong in such actions or rulings. The rule is express that "Setting out only abstract statements of law without showing how they are related to any action or ruling of the Court is not a compliance with this rule." S.C. Rule 1.08(d). The points relied on here are the merest abstract statements of law. Both fail completely to state what actions or rulings of the court are claimed to be erroneous and why it is claimed they were wrong.

Our authority to consider "errors affecting substantial rights", although not properly preserved for review, so as to prevent a "manifest injustice or miscarriage of justice", has not been overlooked. S.C. Rule 3.27. Our examination of the whole record, and it has been examined with care, reveals nothing to justify application of this rule. Consequently, we have no right to ignore these violations of S.C. Rule 1.08(a)

(3) and (d). Arnold v. Reorganized School Dist. No. 3, Mo., 289 S.W.2d 90, 91; Repple v. East Texas Motor Freight Lines, Mo., 289 S.W.2d 109, 111 [2] [3]; Bonnot v. Tackitt, Mo.App., 265 S.W.2d 748, 751; White v. Nelson, Mo.App., 283 S.W.2d 926, 927–928, and cases cited.

No error appearing, the judgment must be affirmed.

ANDERSON, P. J., and MATTHES, J., concur.